# Sanders *v.* Cassady & Blackwell.

*Statutory Action in nature of Ejectment.*

1. *Assignment of mortgage on lands.*—An assignment of a mortgage on lands, to pass the legal title to the assignee, must not only use words of conveyance, but must be executed, attested or acknowledged, as ordinary conveyances are by law required to be.

2. *Sale of lands under power in mortgage; conveyance by auctioneer to purchaser.*—When lands are sold under a power contained in a mortgage, at the instances of assignees who have not acquired the legal title, the auctioneer's deed to them as the purchasers does not invest them with the legal title.

3. *Suggestion of mortgage, in defense of action by assignee.*—In an action by the mortgagee of lands, the defendant may put in issue the amount due on the mortgage debt, and show a tender thereof (Code, § 2707); but the statute does not authorize the mortgagees, when sued by an assignee of the mortgage, to put in issue the amount of their indebtedness to him.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. A. CORBITT, as special judge, selected by the parties on account of the incompetency of the presiding judge.

This action was brought by the appellees, suing as partners, to recover the possession of a tract of land, particularly described in the complaint; and was commenced on the 18th July, 1887. G. W. Sanders and J. L. Williams, late partners in trade under the name of G. W. Sanders & Co., intervened as landlords of the defendants in possession, and defended the suit. Each of the parties claimed the land under a mortgage executed by J. C. Bryan and wife, to G. W. Sanders & Co., dated October 12, 1885, by which the land was conveyed to secure the payment of a debt of $1,000, as recited, due and payable 1st January, 1886. The mortgage contained a power of sale on default, authorized the mortgagees to become the purchasers at the sale, and empowered them, "their agent, attorney or assignee, or the auctioneer making the sale, to execute titles to the purchaser." This mortgage was transferred by Sanders & Co. to plaintiffs, by written assignment dated January 5, 1886, in these words: "In consideration of one thousand dollars, we hereby bargain, sell, convey and transfer the within mortgage, to B. F. Cassaday and D. C. Blackwell." The words of con-

[Sanders v. Cassady & Blackwell.]

veyance in this assignment, as indorsed on the mortgage, appeared to have been interlined; and there was conflicting evidence as to the time when this was done, and whether it was done by said Sanders & Co., or with their knowledge and consent. The land was sold on the 17th May, 1887, under the power contained in the mortgage, the plaintiffs becoming the purchaser, at the price of $946.85; and the auctioneer executed a deed to them as the purchasers on the same day. On the trial, the plaintiffs offered in evidence the mortgage, the assignment thereof to them, and the auctioneer's deed to them; and the court admitted them as evidence, against the objections and exceptions of the defendants. The defendants "offered to put in issue, under the plea of not guilty, the amount of the indebtedness of Geo. W. Sanders & Co. to plaintiffs, which was the consideration of the alleged transfer of said mortgage, and to show a tender to plaintiffs of the amount due thereon, prior to the foreclosure of said mortgage by plaintiffs." The court excluded this evidence, on objection by plaintiffs, and defendants excepted. The court charged the jury, on request, that they must find for the plaintiffs if they believed the evidence. The defendants excepted to this charge, and they now assign it as error, with the several rulings on evidence above stated.

J. F. ROPER, for appellants, cited *Graham & Rogers v. Newman*, 21 Ala. 497; *Carlisle v. Carlisle*, 78 Ala. 542; 38 Ark. 285; 3 Metc. 360; Jones on Pledges, § 553; Colebroke on Collateral Security, § 129.

J. W. FOSTER, *contra*, cited Code, § 1844; 55 Ala. 344; 65 Ala. 285; 80 Ala. 259.

SOMERVILLE, J.—To sustain a recovery in this case, which is an action of ejectment under the statute, the plaintiffs were required to show in themselves a legal title to the lands in controversy.

This they attempted to do in two ways: (1.) As assignees of a mortgage on the lands, which had been executed by J. C. and W. A. Bryan, on October 12, 1885, to the assignors, G. W. Sanders & Co., who were the mortgagees in the instrument; and (2) as purchasers under a sale of the mortgage premises made by themselves under the power, which passed to them as part of the security, with the assignment of the mortgage,

1. As assignees of the mortgage, the plaintiffs did not acquire the legal title. Admitting that the words "bargain, sell and convey," which appear in the language of the assignment, were interpolated with the knowledge or consent of the assignors, the appellants, the assignment, nevertheless, was not operative to convey the legal title of the mortgagee, but only an equity; for the reason that it was neither attested by a witness, nor acknowledged in such manner as to dispense with such attestation, as required by statute in the case of ordinary conveyances.—Code, 1886, §§ 1789-1790; Code, 1876, §§ 2145-2146. It was held in *Graham v. Newman*, 21 Ala. 497, decided as far back as 1852, that to pass the *legal* title held by a mortgagee of land, to an assignee of the mortgage premises, there must be a deed, executed with due formality, and containing suitable operative words of conveyance; or, in other words, precisely such a conveyance, in form and words, as is required to be effectual in conveying the legal title to land from any other owner to an ordinary vendee. This is the settled doctrine of the adjudged cases in all those States where, as with us, a mortgage preserves its character as conferring an estate in land, rather than a mere lien or security; the general rule prevailing, that the legal title to a mortgagee's estate can only be transferred by deed.—1 Jones Mortg. (3d Ed.), § 787; *Adams v. Parker*, 12 Gray, 15; *Smith v. Kelly*, 27 Me. 237; s. c., 46 Amer. Dec. 595; *Vose v. Handy*, 2 Greenl. 322; s. c., 11 Amer. Dec. 101; Code, 1886, § 1789-1790. The assignment, we repeat, did not, for the reasons given above, *per se* operate to transfer the legal title of the mortgagees to the plaintiffs.

2. It is contended further, that, although the assignment may not have operated to transfer the legal title to the plaintiffs, they acquired it by an execution of the power of sale, which is a part of the security, and which is authorized by statute to be executed by any one "who, by assignment or otherwise, becomes entitled to the money thus secured."—Code, 1886, § 1844. We may concede this to be the general rule, under the construction which has been given to this statute, which has the same effect as if the statute were made a part of the mortgage deed.—*Buell v. Underwood*, 65 Ala. 285. The difficulty to be encountered, in this aspect of the case, lies in the fact that the equitable assignees of the mortgage themselves executed the power, through the agency of an auctioneer, and became the pur-

[Sanders v. Cassady & Blackwell.]

chasers at their own sale. Whether they could have made a deed directly to themselves, so as to vest a legal title in themselves as purchasers, does not necessarily arise in the case. The auction sale very certainly did not operate to vest the legal title in the purchaser, without the aid of a deed.—*Tripp v. Ide*, 3 R. I. 51. The auctioneer was the mere agent of the appellees to make the sale; his memorandum of the property, price, terms of sale, and names of the purchaser, and of the person on whose account the sale was made, being such a note of the contract as to take the sale out of the operation of the statute of frauds.—Code, 1886, § 1733. But the deed was made in the name of the auctioneer, and not of the donee of the power, who was his principal; and such agent, having no title, conferred none on the purchaser. Where a deed is executed by an agent in his own name, and not in the name of the principal, it is not the deed of the principal, and can have no operation in a court of law, or as a conveyance of the legal title. The deed should have been executed by the donees of the power, who alone had authority to do so.—*Munn v. Burges*, 70 Ill. 604; 1 Jones Mortg. § 1891; *Jones v. Morris*, 61 Ala. 518; *Taylor v. Agr. & Mech. Asso.*, 68 Ala. 229.

The plaintiffs, having nothing more than an equitable title to the lands, were not entitled to recover in the present action. The court consequently erred in giving to the jury the charge requested—to find for the plaintiffs, if they believed the evidence.

3, The court properly refused to allow the defendants to put in issue the amount of the debt from G. W. Sanders & Co., the mortgagees, to the plaintiffs, which was the consideration of the transfer of the mortgage. It is only the amount of the mortgage debt which the statute authorizes to be put in issue in an action of ejectment brought by a mortgagee.—Code, 1886, § 2707.

Other assignments of error are needless to be considered.

Reversed and remanded.