# Lang *et al.* v. Stansel.

*Statutory Action of Ejectment.*

1. *Ejectment; right of purchaser at sale under deed of trust to maintain it.*—To secure the payment of a debt, a debtor executed a conveyance

[Lang *et al.* v. Stansel.]

by which he declared a trust upon certain lands. By the conveyance it was expressly covenanted that in case of default, the trust "shall be enforced by a sale under the conveyance, as in cases of foreclosing mortgages under the statute, or by bill in chancery to foreclose the same, * * * * * by some suitable person to be appointed in writing by any person interested in said trust fund." Said conveyance conferred no express power upon the person to be so appointed to execute a deed of conveyance to the purchaser at the sale to be made by him. Upon default being made in the payment of the debt, parties interested in said debt made a written appointment of a certain named person to sell the lands mentioned in the conveyance. The person so appointed advertised and sold the lands as sales under judicial process are required to be advertised and sold by sheriffs, and, upon the payment of the purchase money, executed a deed of conveyance to the purchaser, reciting in said deed his appointment and the power under which the sale was made. *Held:* that the sale provided for in the conveyance, in event of default, was a public sale conducted as public sales under judicial process, as regulated by statutes, and that, the mode and by whom the trust should be executed being a matter of contract between the parties, upon the election by the parties to whom the debt was to be paid to enforce the trust by sale, as it was their right to do, the sale by the party appointed was a valid execution of the trust, and the deed executed by him to the purchaser conveyed the legal estate in the lands to the purchaser, upon which he could maintain ejectment for the lands so sold.

2. *The power of sale includes right to execute deed to purchaser.*—The power of sale includes the power to execute a deed of conveyance to the purchaser; otherwise the sale would be incomplete, and the trust but partially executed.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. SAMUEL H. SPROTT.

This was a statutory action of ejectment, brought by the appellee, M. L. Stansel, against the appellants, Bennett M. Lang and Sallie E. Lang, to recover certain lands, which were specifically described in the complaint. The defendants pleaded the general issue, and the following special plea: "That at the time the lands in this suit were sold under the deed of trust in this case, there was no contract in writing evidencing said sale and purchase, and the same is void under the statute of frauds." To this special plea the plaintiff filed the following replication: "Comes the plaintiff, and for replication to the plea of the defendants herein, says that at the sale of the lands described in this cause, there was a memorandum of said sale kept showing the property

sold, the name of the purchaser, the name of the person for whose account said sale was made, together with the terms of said sale, that said memorandum was in writing, and was kept by the auctioneer, his clerk or agent, and a deed was at once executed to the purchaser."

On the trial of the cause, as is shown by the bill of exceptions, the plaintiff introduced in evidence the following deed of trust : "Whereas, heretofore, to-wit, on the 3d day of July, 1876, B. M. Lang being indebted to J. N. Blanton in the sum of about twelve hundred dollars on judgments on which executions issued, and a sale thereunder was made by the sheriff of said county of the lands belonging to B. M. Lang, and the beneficiary in said judgments was paid in full by J. N. Blanton, and in consideration thereof B. M. Lang and wife conveyed to J. N. Blanton the lands hereinafter described, known as the Bennett Lang lands, conveying a fee simple title in and to said lands, and, whereas the said B. M. Lang paid to said J. N. Blanton, the amount of his indebtedness with moneys which the said Bennett M. Lang held in his capacity as the administrator of Alberta Lang, which moneys belonged to said estate, and, whereas the said Bennett Lang has requested said J. N. Blanton to reconvey the said lands to him, and, whereas J. N. Blanton having received said money, trust funds of said estate, agrees to reconvey said lands to Sallie Lang, the wife of B. M. Lang, on condition that a trust on said lands be raised and created, by which the said trust money may be paid to those to whom it belongs, and, whereas, the said Bennett Lang and the said Sallie Lang agree that said trust and debt on said lands shall be made creating a charge on said lands for the sum of fifteen hundred ($1,500) dollars, which trust it is covenanted shall be enforced by a sale under this conveyance, as in cases of foreclosing mortgages under the statute, or by bill in chancery to foreclose the same, which sale and foreclosure shall not be within twelve months from this date, the said sum to bear interest from the date of these presents, and it is covenanted and agreed that the lands herein conveyed to the said Sallie Lang, charged with said trust aforesaid, shall be, and is made the equitable separate estate of the said Sallie Lang free from any control of her said husband, and not liable for any debts which he may contract for himself or household, except

as aforesaid. Now, therefore, in consideration of the premises, this indenture made and entered into this day, the said Sallie Lang, B. M. Lang and J. N. Blanton covenanting and agreeing to perform each and every act and stipulation hereinbefore set forth, the said J. N. Blanton, on said consideration, does grant, bargain, sell and convey unto the said Sallie Lang and her heirs and assigns forever, the following described real estate in said county, to-wit, E. ½ of S. E. ¼ section 18, S. W. ¼ and W. ½ of E. ½ of N. W. ¼ section 17, and E. ½ of S.W. ¼, and W. ½ of S.E. ¼ of section 16, all in township 21, range 16 west, with the tenements and appurtenances thereto belonging, also all the estate, right, title or interest in said lands, which was in the said Blanton, to have and to hold said real estate unto the said Sallie Lang in fee, subject and charged with the said trust hereinbefore set out and described, which trust it is covenanted and agreed shall be executed, in case of default, by some suitable person to be appointed in writing, by any person interested in said trust fund. And Lucy Blanton, the wife of J. N. Blanton, joins in making the conveyance with her husband, and Sallie Lang, party aforesaid, and her husband, B. M. Lang, accept this conveyance and take possession of said lands with the express understanding and agreement that the trust hereinbefore created and charged on said lands shall be enforced. Given under our hands and seals, this 10th day of January, 1893. [Signed] J. N. Blanton, B. M. Lang, Sallie Lang, Lucy Blanton." The defendants objected to the introduction of this deed in evidence, on the grounds that whatever rights were conveyed by said instrument could only be enforced in a court of chancery, and that the same were not cognizable in a court of law. The court overruled this motion, allowed the deed to be introduced in evidence, and to this ruling the defendants duly excepted. Plaintiff also introduced in evidence a written instrument, executed by the heirs-at-law of Alberta Lang, deceased, in which they appointed and constituted I. R. Hinton the trustee of said trust to sell the lands mentioned in the trust deed. Defendant objected to the introduction in evidence of this instrument in writing, on the ground that there was no power in said mortgage or deed of trust for such appointment and sale The court overruled the objection, and the defendants duly

[Lang *et al.* v. Stansel.]

excepted. Plaintiff also introduced evidence showing that I. R. Hinton, the trustee named by said appointment, and the heirs-at-law of Alberta Lang, deceased, advertised the lands conveyed in the deed of trust for three successive weeks in a newspaper published in Pickens county, and that on May 6, 1889, after more than thirty days notice, sold said lands in front of the court house of the county of Pickens, that being the time and place of sale named in the advertisement, and that at this sale M. L. Stansel became the purchaser; that as soon as the lands were paid for, and before leaving the place where the sale was had, the said I. R. Hinton made a memorandum of the sale in writing, which contained a description of the lands sold, on whose account the sale was made, to whom sold, and the amount paid for the same; and that on the same day he executed a deed to the purchaser, M. L. Stansel, conveying the said lands. This deed, properly executed, was introduced in evidence. The defendants objected to the introduction of said deed, on the ground that Hinton had no power under the deed of trust to sell and make conveyance of said land. The court overruled this motion, and the defendants duly excepted. The defendants introduced in evidence an instrument in writing, forbidding the sale by said Hinton, which was executed by them. The defendants also introduced in evidence a claim of exemptions filed by the defendant, B. M. Lang, in which he claimed as exempt to him a portion of the land sued for. They also introduced in evidence deeds showing the title of the lands involved in this suit to have been in B. M. Lang prior to the execution of the trust deed.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the following written charge: "If the jury believe the evidence in this case, they will find for the plaintiff." The defendants duly excepted to the giving of this charge. There was judgment for the plaintiff. The defendants appeal; and assign as error the rulings of the trial court upon the evidence, and the giving of the general affirmative charge at the request of the plaintiff.

E. D. WILLETT and JOHNSTON & CURRY, for appellant.

M. L. STANSEL, *contra.*—1. A power of sale may some-

[Lang *et al.* v. Stansel.]

times arise by necessary implication from the terms of the instrument.—2 Jones on Mortgages, (2d ed.), § 1777; *Purdie v. Whitney*, 20 Pick. 25 ; *Mundy v. Vawter*, 3 Gratt. (Va.) 518 ; *Strong v. Waddell*, 56 Ala. 471.

2. When the powers of a trustee are not strictly defined, they rest largely in his discretion. Sale in the honest exercise of his discretion will be sustained.—2 Jones on Mortgages, § 1778 ; *Ingle v. Culbertson*, 43 Iowa 265 ; *Evans v. Lamar*, 21 Ala. 333 ; *Abercrombie v. Bradford*, 16 Ala. 560; *Ashurt v. Martin*, 9 Port. 566 ; *Walthall v. Rives*, 34 Ala. 91.

3. The mortgage was executed strictly in conformity to law, and has been in no respect controverted. When a mortgage thus executed contains the usual words of conveyance, which create the statutory covenants, the mortgagor is thereby estopped, and can not be heard to gainsay the title of the mortgagee, or to assert that he did not have an alienable estate in the land.—*Jones v. Reese*, 65 Ala. 134 ; *Stewart v. Anderson*, 10 Ala. 504.

BRICKELL, C. J.—The material question, decisive of the substantial right of the parties, is, whether the appellee acquired the legal estate in the lands in controversy, by his purchase at the sale made by Hinton, and the conveyance from Hinton purporting to pass it. If he acquired an equity only, the present action can not be supported. Ejectment, or the corresponding statutory real action, can be maintained only upon a legal title, entitling the plaintiff to immediate possession. The nature, character and extent of the estate or interest the appellee acquired, depends upon the construction of the deed by which Blanton conveyed the lands to Mrs. Lang. The deed is not an ordinary technical mortgage or deed of trust, for these grant and convey the legal estate to the mortgagee, or trustee, and the trusts or conditions which may be attached are appurtenances or appendages to the legal estate. But mortgages or deeds of trust proper are not the only forms or kinds of security, for the payment of debts or performance of duties. These are various, matters of contract or convention, and generally, there is no difficulty in a court of equity in establishing a lien or trust on real or personal property, whenever that is the matter of agreement, as against the party himself, and third persons, who are volunteers, or

[Lang *et al. v.* Stansel.]

have notice. And it is the substance, not the mere form of the agreement, which the court regards, and the construction which will prevail is that which is best adapted to further and effect the intention of the parties.—2 Story Equity, §§ 791, 1231. Take as an illustration, the not infrequent case of a vendor conveying the legal estate in lands to the vendee, and on the face of the conveyance declaring or reserving a lien to secure the payment of the purchase money. The declaration or reservation does not intercept the passage of the legal estate to the vendee; that passes, but it is burdened with a lien or trust for the payment of the purchase money, a court of equity will enforce, and which follows and binds the land. The trust or lien appearing on the face of the conveyance, all who succeed to the estate, whether as volunteers or purchasers for value, are charged with notice of it, and take in subordination to it. The transaction is often termed, not inaptly, an equitable mortgage, because if there be default in the payment of the debt, it is only by a decree of a court of equity that the trust or lien can be enforced.

The grantor, Blanton, had become liable for the debt of the husband of Mrs. Lang, created by his default as administrator of Alberta Lang, deceased. The payment of the debt formed the consideration of the conveyance, and a trust for its payment was declared. If these were all the terms of conveyance, it would bear a close resemblance to a conveyance by a vendor reserving or declaring a trust or lien for the payment of the purchase money, and the trust or lien would be capable of enforcement only by a decree of a court of equity. But by the conveyance it is expressly covenanted that the trust may be enforced by a sale under the conveyance as in cases of foreclosing mortgages under the statute, or by bill in chancery to foreclose. There is no statute regulating the foreclosure of mortgages by sale, but it is manifest the parties had in contemplation a sale, and a sale under the conveyance, and these words indicate that it was a public, not a private sale, which was contemplated; and from them, it is a just and reasonable inference, that it was a public sale, conducted as public sales under judicial process, or the decree of courts, regulated by the statutes, with which they were familiar, to which they referred. The words cannot be rejected as useless

and unmeaning; some effect must be given them, and in giving them this operation, a construction is adopted, which advances and gives effect to the intention the parties have manifested. The sale could have been effected by a bill in equity to foreclose, but it rested in the election of the parties having the right to receive payment of the mortgage debt to pursue that remedy, or the speedier, more inexpensive remedy of a sale under the power which was reserved. The election was matter of right with them, not of right in the grantee.—2 Jones Mort., § 1773. The conveyance does not nominate or appoint the person by whom the sale under the power should be made. But it is expressly stipulated that on default in the payment of the debt, the trust should be executed by some suitable person to be appointed in writing by any person interested in the trust fund. The trust to be executed, was the trust raised and declared in the preceding parts of the conveyance, and which declared the mode of its execution or enforcement; and the trust fund referred to is the debt, payment of which was charged on the lands. The relation of the parties was strictly and purely contractual; there was no pre-existing relation between them which requires that matters of agreement into which they may have entered, shall be jealously scrutinized, or narrowly or strictly construed, to prevent fraud or oppression being practiced or imposed, the one upon the other. Upon what terms or conditions the grantor would part with the legal estate in the lands, was with him matter of mere volition; and the acceptance of the grant burdened with these terms and conditions, rested in the volition of the grantee. And as the purpose was security of the payment of a just debt, to create a fund for its payment, a liberal construction of the conveyance must prevail. The mode and by whom the trust should be executed, was wholly matter of convention and contract between the parties, not of law, or jurisdiction. If they had so elected, they could have nominated and appointed the person to execute the trust in the conveyance, as they prescribed the mode of execution. And it was within their capacity to commit the nomination and appointment, as they have done, to any party interested in the trust fund, postponing the nomination and appointment until there was default in the payment of the debt, the event upon

which a sale could be made.    When the default occurred, and the appointment was made, the person appointed was clothed with the power to sell, and though the conveyance is silent as to the execution by him of a conveyance, the power to convey is manifestly included in the power to sell; otherwise the sale would be incomplete, and the trust but partially executed.    The legal title is not passed to him by his appointment; that remains in the grantee. But the conveyance by which she acquired it, subjects it to the exercise of the power of sale, and when it is exercised, the title vests in the purchaser, as effectually as if by deed she conveyed it.—*Moore v. Lackey*, 53 Miss. 85.

The conveyance from Hinton to the appellee, recites his appointment by parties standing in the relation of next of kin of Alberta Lang, or the legal representatives of such parties, refers to the appointment, as of record in the court of probate, the default in the payment of the debt secured, the sale of the lands which was advertised and conducted, as sales under judicial process are required to be advertised and conducted by sheriffs, and that the appellee became the purchaser, and had paid the purchase money.    These recitals must be accepted as true *prima facie*, and of them there does not seem to have been controversy or dispute on the trial in the court below.    The conveyance passed the legal estate in the lands to the appellee, and the court below properly instructed the jury, that if they believed the evidence, he was entitled to recover.

Affirmed.