# Fields v. Clayton.

*Bill in Equity for the Rescission of Contract for the Purchase of Land.*

1. *Rescission of contract on account of defect in title; when equity will not intervene.*—Where a purchaser of land enters into possession under a contract executed by the conveyance to him with covenants of warranty, if fraud be not imputed to the vendor and he is not insolvent, or there is not some other independent equity, such purchaser is protected by the covenants of warranty, and a court of equity will not intervene and decree a rescission of the contract of purchase, even though the vendor may not have title.

2. *Vendor and purchaser; failure of vendor to correct misdescription in deed a breach of covenants of warranty.*—Where, upon the sale of land, the vendor executes a conveyance to the purchaser containing covenants of warranty, and the purchaser goes into possesison, but the parcel of land purchased was incorrectly described in the conveyance, the refusal or neglect of vendor, on request of the purchaser, to correct the imperfect description of the land, constitutes a breach of the covenants of warranty, entitling the purchaser to resort to a court of equity for a reformation of the conveyance; but being protected by the covenants of warranty, the purchaser can not maintain a bill of equity to have the contract of purchase rescinded on account of the delinquency of the vendor; the mere breach of the covenants of warranty not being a ground for rescission.

3. *Same; mortgage to secure deferred payment; conveyance by mortgagee after default does not operate as a rescission of contract of purchase.* Where, upon the sale of land the vendor executes a conveyance containing covenants of warranty, and the purchaser contemporaneously executes a mortgage on said land to secure the payment of the several promissory notes given for the purchase price, if, after default being made in the payment of the notes, as they severally mature, the mortgagee vendor sells and conveys the land to a third person, the conveyance reciting "This land is subject to redemption by" the mortgagor, and the latter surrenders possession to the grantee, such conveyance does not operate as a rescission of the contract, nor can it be regarded as an election by the vendor to accept the proposition of the mortgagor, who was the original purchaser, to surrender possession and rescind the contract upon the delivery and cancellation of the mortgage and notes; the acceptance of such proposition being negatived by the recital in the conveyance to the subsequent vendee, that the land was subject to redemption by the

mortgagor; and such subsequent sale does not give the original
purchaser an independent equity to have his contract of purchase
rescinded.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. THOMAS COBBS.

The facts in the case are sufficiently stated in the
opinion.

EMERY C. HALL, for appellants.—The bill presents no
case for the interference of a court of equity. Before a
court of equity will decree a rescission on account of
error or mistake, that error or mistake must be of such
character as to go to the very foundation and merits of
the agreement—it must not only exist upon paper, as in
this case, but it must exist in fact. Where a sale of
lands has been executed by a conveyance with covenants
of warranty, a court of chancery will not rescined the
contract on account of the mere defect of title, except
in a case of fraud, but will leave the purchaser to his
remedy at law upon the covenants in his deed.—*Wood-
ruff v. Bunce*, 9 Paige 443; *Lanier v. Hill*, 25 Ala. 554;
*Tobin v. Bell*, 61 Ala. 125; *Griel v. Lomax*, 86 Ala. 132;
*Cullum v. Bank*, 4 Ala. 24.

When land is sold and conveyed with express cove-
nants of warranty as to title, as in this case, equity is
without power to grant relief on account of a defect in
title, unless the vendor is insovent.—*Parker v. Parker*,
93 Ala. 80; *Meeks v. Garner*, 93 Ala. 17; *Spratt v. Wil-
son*, 94 Ala. 608. It is the duty of the purchaser of
land in this State, to prepare and tender to the vendor
the conveyance to be executed to the vendee.—*Chapman
v. Lee*, 55 Ala. 616.

INZER & WARD, *contra*.

BRICKELL, C. J.—The bill was filed by the appellee,
and the material allegations are, that on the 17th day of
November, 1894, he purchased of the appellant, a de-
scribed parcel of land, at and for the price of two hun-
dred and fifty dollars, payable in four instalments of
sixty-two and 50-100 dollars each, for which he gave sev-
eral promissory notes maturing at different times. The
appellant executed a conveyance to the appellee, having

and containing covenants of warranty, and the appellee, contemporaneously executed a mortgage to secure the payment of said promissory notes as they severally and respectively became due and payable. The appellee under the conveyance entered into possession and made valuable improvements, continuing in possession until some time in October, 1896. The parcel of land was incorrectly described in the conveyance and in the mortgage, and while in possession, the appellee often requested the appellant to make a conveyance of said land by a proper description, with which request he failed and refused to comply. That the appellee offered to surrender the land to the appellant, if he would surrender the notes and mortgage. On the 16th November, 1896, the appellant sold and conveyed the land (excepting a small part thereof) to one Mann, to whom the appellee surrendered possession, and who was in possession at the filing of the bill, the conveyance reciting, "This land is subject to redemption by A. J. Clayton." The appellant purchased the land of one Mary A. Tidmore, and at the time of the sale and conveyance to the appellee, he had not obtained a conveyance from her. On the 6th December, 1895, the appellant accepted a conveyance from said Mary A. which did not include the small part excepted from the conveyance to Mann, and some time in 1895, she made a conveyance thereof to a person whose name is not stated, and who is averred to have been in the actual possession at the filing of the bill. The appellant had obtained judgments on two of the promissory notes falling due before the filing of the bill. The prayer is for a rescission of the contract of purchase, an account of the value of the improvements made on the land, and of the rents while appellee was in possession, the cancellation of the mortgage and of the outstanding notes given for the purchase money, the vacation of the judgments obtained on two of the notes, and for general relief. The appellant moved a dismissal of the bill for want of equity, and demurred assigning several causes. The motion and demurrer were overruled, and from the decree overruling them the appeal is taken.

The principle governing a court of equity in decreeing rescission of contracts relating to the sale and conveyance of land, are well defined and settled. If, as in this case, the purchaser enters into possession, under a con-

tract executed by a conveyance with covenants of war-
ranty, though the vendor may not have title, if fraud be
not imputable to him, and he is not insolvent, or there
is not some other independent equity, the purchaser is
protected by the covenants of warranty, and the court
will not intervene and decree a rescission of the contract
of purchase:—*Burkett v. Munford*, 70 Ala. 423 ; *Meeks v.
Garner*, 93 Ala. 17 ; *Parker v. Parker, Ib.* 80, and au-
thorities cited.

·· Construing the allegations of the bill most favorably
for the pleader (as they must be construed in the deter-
mination of a motion to dismiss for want of equity),
there was no fraud, or misrepresentation, in whatever
of negotiation may have preceded, or was coincident
with the execution of the conveyance. Nor can the bill
be taken as averring a want of title in the vendor. All
that is averred is imperfection, error, or mistake in the
description of the land as conveyed, the like imperfec-
tion or error existing in the conveyance through which
the vendor deducted title. Such imperfections are not
of infrequent occurrence in the conveyances of land—
they do not impair or destroy title. They affect the con-
veyance, and may render it imperfect, inconclusive as a
muniment or evidence of title, upon which legal remedies
for the recovery of possession may be supported.—2 Dev-
lin on Deeds, § 1010. A court of equity, at the instance
of a proper party, will intervene and reform the convey-
ance, making it evidence of the title by a correct descrip-
tion of the land, if the parties will not voluntarily cure
the imperfection. It was the duty of the appellant, on
the request of the appellee, to have cured the imperfect
description of the land. The imperfection embarrassed
alienation, and was calculated to produce in the mind of
the appellee, a sense of uneasiness and insecurity. The
neglect of the appellant, was a breach of the covenants
of warranty, entitling the appellee to resort to a court of
equity for a reformation of the conveyance ; and what-
ever of reasonable expenses he may have incurred in
perfecting the title, would have been recoverable of the
appellant, upon the same principle, that a grantor is
bound to. reimburse the grantee for removing a para-
mount title or incumbrance.—3 Sedgwick on Damages,
(8th ed.), § 979. Protected by the covenants of war-
ranty, the appellee has no equity to insist that the de-

linquency of the appellant is cause of rescission ; a mere breach of the covenants of warranty is not cause of rescission.

The theory of a mortgage prevailing in this State, is, that as between mortgagor and mortgagee, it passes to the mortgagee the estate in the land.   It is more than a mere security for a debt; it passes the title, under which the mortgagee may take immediate possession, unless it appears by express stipulation, or necessary implication, that the mortgagor may remain in possession until default.   After the law day, the legal estate is absolutely vested in the mortgagee, and the mortgagor has nothing left but an equity of redemption.   A conveyance by the mortgagee will pass the legal title, though the debt be not assigned.   But as against all the world, except the mortgagee and his assigns, the mortgagor is regarded as the owner, entitled to the possession.—2 Jones Mort., § 18.; *Paulling v. Barron*, 32 Ala. 9 ; *Barker v. Bell*, 37 Ala. 354 ; *Knox v. Easton*, 38 Ala. 345.; *Welsh v. Phillips*, 54 Ala. 309 ; *Toomer v. Randolph*, 60 Ala. 357.   At the time of the conveyance to Mann, the condition of the mortgage had been broken ; it was broken by the default of the appellee in paying either of the promissory notes, payment of which the mortgage was intended to secure, two of which were past due, and had been reduced to judgments at law.   It is, perhaps, a necessary implication that it was contemplated, the mortgagor should remain in undisturbed possession until there was default in the payment of the notes as they severally matured.   But the default had occurred; the right of the mortgagee had accrued, and without affecting the equity of redemption, all that remained to the mortgagor, the mortgagee could rightfully sell and convey the legal estate, passing his right of entry.— *Welsh v. Phillips*, 54 Ala. 309, *supra* ; 2 Wash. Real Prop., § 4, c. 16 ; 2 Jones on Mort., § 808. The conveyance to Mann recites on its face : "This land is subject to redemption by A. J. Clayton."   And if it had not, as against the appellee, it would have passed only the legal estate, not embarrassing the equity of redemption.   The grantee, entering into possession under it, stands in the relation in which the grantor would have stood, if he had entered—a mortgagee in possession before foreclosure, holding possession as a trustee for the mortgagor, bound to preserve the premises from waste,

[Sanders v. Court of County Commissioners of Elmore County.]

and to apply the rents and profits to the payment of the mortgage debt. The conveyance was not intended, and can not operate, as a rescission of the contract of purchase—it was not in hostility to the equity of redemption, but in recognition of it. Nor can it be regarded as an election to accept the proposition of the appellee, to surrender possession and rescind upon the delivery and cancellation of the mortgage and notes. Acceptance of that proposition is negatived by the recital of the conveyance that the land was subject to redemption by the appellee—it would not have been subject to redemption, if there had been acceptance of the proposition.

In any view of the bill, construing the allegations most favorably to the appellee, we can not declare that it presents a case of equitable cognizance, and are constrained to the conclusion that the motion to dismiss should have been sustained.

The decree of the chancellor must be reversed, and a decree rendered dismissing the bill for want of equity.

Reversed and rendered.