# New England Mortgage Security Co. v. Clayton.

<div style="float:right">

| 119 | 361 |
|-----|-----|
| 124 | 408 |
| 119 | 361 |
| 142 | 419 |

</div>

*Statutory Action of Ejectment.*

1. *Mortgagee must recover on strength of his own title against holder under prior mortgage.*—A mortgagee, or his purchaser at foreclosure sale, cannot maintain ejectment against a party claiming under a senior mortgage from a common mortgagor, whether such defendant has succeeded to the legal title of the senior mortgagee or not.

2. *Outstanding title; rule stated.*—The rule that the defendant cannot set up an outstanding title, both parties claiming through a common source, does not prevent the defendant from setting up the legal title of another as a part of defendant's claim of title from the common source.

3. *Case at bar.*—A senior mortgagee assigned his mortgage without apt words to pass the legal title to the lands, the assignee foreclosed under the power and purchased at his own sale, and

[New England Mortgage Security Co. v. Clayton.]

conveyed by deed to the defendant. The plaintiff in ejectment, claiming under a junior mortgage from the same mortgagors, cannot recover.

4. *Sufficiency of transfer to pass legal title.*—The court does not hold that a transfer in these words: "For value received, I hereby transfer all my right, title, and interest in and to the within mortgage * * . without recourse * · * : * ," signed and witnessed, and followed by a foreclosure of the mortgage by the assignee under the power of sale, would not pass the legal title, under the influence of sections 983 and 1040 of Code of 1896.

APPEAL from Gadsden City Court.

Tried before Hon. JOHN H. DISQUE.

The facts are fully stated in the opinion. The transfer or indorsement on the Paden mortgage referred to in the opinion was as follows: "For value received I hereby transfer all my right, title, and interest in and to the within mortgage to J. H. Hendrix without recourse on me in any manner whatever. This the 10th day of September, 1892. Witness, W. E. White. (Signed.) J. S. Paden."

OLIVER R. HOOD, for appellant, cited, *Sanders v. Cassady*, 86 Ala 246; *Gantt v. Cowan*, 27 Ala. 582; *Stephenson v. Reeves*, 92 Ala. 582; *Watkins v. Marks*, 96 Ala. 501; 9 Ency. Pl. & Pr. 195; 2 Jones on Mort., (4th, Ed.) 1889, 1892; *Brunson v. Morgan*, 84 Ala. 598.

BURNETT & CULLI, *contra.*—The transfer of the Paden mortgage was sufficient to pass the legal title to the lands.—Code of 1896, 2694; *Tatum v. Tatum*, 81 Ala. 390; Bouvier's Law Dic. "Transfer;" 5 Am. and Eng. Encyc. Law, 438; *Harlowe v. Hudgins*, 31 Am. St. Rep. 22; and note p. 28; *Lemon v. Graham*, 131 Pa. St. 447, 454; *Marion v. White*, 50 Ala. 389. In this case plaintiff must rely on the strength of his own title.—*Coffer v. Schuming*, 98 Ala. 341; *Snedecor v. Freeman*, 71 Ala. 140; *Jones v. Walker*, 47 Ala. 184; *Baucum v. George*, 65 Ala. 267; *Bernstein v. Humes*, 60 Ala. 599. Defendant may show an outstanding title in another with which he connects himself.—*Snedecor v. Freeman*, 71 Ala. 140; *King v. Sterns*, 18 Ala 476; *Bernheim v. Whorton*, 103 Ala. 380. Under Sec. 1844, Code of 1886, the transferree of a mortgage with power of sale even without apt

words of conveyance is vested with all the right which the original mortgagee had.—*Buell v. Underwood*, 65 Ala. 256; *Johnson v. Beard*, 93 Ala. 96; *Ward v. Ward*, 108 Ala. 280.

COLEMAN, J.—In May, 1882, Jasper N. Hendricks and wife executed a mortgage to John S. Paden upon eighty acres of land. The evidence shows that it was not then occupied as a homestead. In April, 1887, the same parties executed a mortgage upon the same land to plaintiff, appellant. Paden transferred by endorsement the mortgage and note executed to him to one J. H. Hendricks not using "apt words" to convey the legal title to land.—*Sanders v. Cassady*, 86 Ala. 246. The transferree, J. H. Hendricks, foreclosed the mortgage by power of sale contained in the mortgage, and became the purchaser himself. He did not execute a deed to himself. The purchaser then sold and conveyed the land to Charles A. Clayton, who went into immediate possession and has remained in possession. In February, 1894, the plaintiff foreclosed its mortgage by power of sale, and became the purchaser. The plaintiff instituted the statutory action of ejectment against Clayton to recover the land. The case was tried by the court without a jury and rendered judgment for the defendant. A mere statement of the facts is sufficient to justify the judgment of the court. Both parties claim title from a common source, Jasper N. Hendricks, the mortgage executed to Paden under which defendant holds being the older. Not only was the Paden mortgage the older, but the mortgage day transpired before the execution of the plaintiff's mortgage, and there was no legal title in the mortgagor at the time of the execution of the second mortgage.

Again, the rule of law which will not permit a defendant in ejectment to set up an outstanding superior legal title when both parties claim from a common source, has no application. There was no attempt to show an outstanding title superior to the title of Jasper N. Hendricks, the common source of both titles. The purpose of the introduction of the mortgage was to show that whatever title Jasper N. Hendricks owned had passed from him, before the execution of the second mortgage, and did not vest in the plaintiff. Conceding that there

were no apt words to convey the legal title to land by the transfer from Paden to J. H. Hendricks, the evidence shows that J. H. Hendricks went into possession of the land, under and by virtue of the transfer of the mortgage to him, and being in possession he executed a deed of conveyance to Charles Clayton, who took possession under his purchase. He certainly had a perfect equity to the land derived from the first mortgage. Being in possession, with a perfect equity, the rule did not prohibit him from introducing in evidence the first mortgage. We must not be understood as holding that the transfer by Paden of the mortgage was not sufficient to pass the legal title to his transferree. Section 983 of the Code of 1896 reads as follows: "A seal is not necessary to convey the legal title to land to enable the grantee to sue at law. Any instrument in writing signed by the grantor, or his agent having a written authority, is effectual to transfer the legal title to the grantee, if such was the intention of the grantor, to be collected from the entire instrument." Construing this section, see the cases of *Wisdom v. Reeves*, 110 Ala. 418; *Ward v. Ward*, 108 Ala. 278. Section 1040 reads as follows: "Where a power to sell lands is given to the grantee in any mortgage, or other conveyance intended to secure the payment of money, the power is part of the security, and may be executed by any person, or the personal representative of any person, who, by assignment or otherwise, becomes entitled to the money thus secured." See the cases cited under this section.

The view we take of the law and the evidence renders it unnecessary to consider any other question.