# Bain *v*. Bain, *et al.*

## *Ejectment.*

(Decided April 16, 1907.   43 So. Rep. 562.)

1. *Evidence; Deeds; Declaration by grantor.*—Where a deed executed by a father to one of two brothers, and the brother's wife and children, is attacked for being obtained by undue influence it is not admissible for plaintiff to show that after making the deed the grantor declared that he desired the lands conveyed to be equally divided between the brothers and that he made the conveyance to get rid of the defendant.

2. *Trial; Reception of Evidence; Evidence Admissible in Part; Several Defendants.*—Where there were other defendants and there was no offer to prove that they agreed to the filing of the bill and no offer to limit the file as evidence as to the one defendant, a file of chancery papers in another cause was inadmissible although one of the defendants in this cause had agreed that the bill should be filed.

3. *Same; Argumentative Instructions; Burden of Proof; Deeds; Validity; Undue Influence.*—A charge asserting that if the defendant took any part in the execution of the deeds to defendant's wife and children, or the procurement of them from his father, the burden of proof was on defendant to reasonably satisfy the jury that the father made the deeds voluntarily and without undue influence, was properly refused as being argumentative, and because the facts hypothesized were insufficient to show such a case of confidential relations between the father and the defendant to shift the burden to him, his wife and children to show that the deeds were voluntarily made.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by W. L. Bain against James R. Bain and others. From a judgment for defendants, plaintiff appeals. Affirmed.

This was an action of ejectment between brothers. The assignments of error argued are as follows: "(2) The court erred in sustaining defendant's objection to

the following question to plaintiff's witness C. P. Bain: 'If you heard C. L. Bain make any statements about having executed the deeds of gift subsequent to the day on which they were executed, please state fully all that was said, when and where it was, and who were present.' * * * (8) The court erred in sustaining defendant's objection to the following question to the plaintiff's witness Scarbrough: 'Please state whether or not you had a conversation with C. L. Bain, in the early part of the year 1895, shortly after the deeds in evidence were made, in which he expressed to you dissatisfaction at having made such deeds; and if you say you did have such conversation, then please state all what was said by him.' * * * (10) The court erred in sustaining defendant's objection to the file of papers in the cause in the chancery court of Calhoun county of C. L.Bain, complainant, against S. L. Bain et al., which the plaintiff offered to introduce in evidence. * * * (13) The court erred in refusing to give the jury written charge 1, which was in words and figures as follows: 'The court charges the jury that if J. B. Bain took any part in and about the execution of the deeds to his wife and children, or the procurement of them being made by C. L. Bain, such as securing a conveyance or vehicle for him to ride in to Jacksonville, and a party to accompany him in the vehicle, on the day the deeds were made, then the burden of proof is upon the defendants to reasonably satisfy you by the evidence that C. L. Bain made the deeds voluntarily, and without any undue influence.' " There was judgment for defendant, and plaintiff appeals.

T. C. SENABAUGH, and JAS. T. GREENE, for appellants. —The motion to strike the bill of exceptions should not prevail. It was signed within the time allowed by the court and by agreement of counsel.—Acts 1896-7, p. 3260; Sec. 620, Code 1896; Rule 30; *Collier v. Coggins,* 103 Ala. 281; *B'ham Ry. & Elec. Co. v. B'ham Trac. Co.,* 122 Ala. 349; *Street v. Street,* 113 Ala. 333. The brief as to the merits of the appeal did not reach the Reporter.

[Bain v. Bain, et al.]

BLACKWELL & AGEE, for appellee.—The bill of exceptions should be stricken, for the reason that it was not signed until after the beginning of the next term of the court trying the cause.—Acts 1896-7, p. 326; Rule 30, p. 1200, Code 1896; *Cooley v. U. S. & L. Asso.*, 132 Ala. 590; *B'ham Ry. & Elec. Co. v. James*, 138 Ala. 595; *Adams v. The State*, 40 South. 85; *Davis v. The State*, in ms.

The court did not err in ruling that the testimony objected to was inadmissible for the purpose of impeaching the deed.—*Adair v.Craig*, 135 Ala. 335; *Eureka v. Edwards*, 71 Ala. 255. Plaintiff having made it impracticable to restore to J. R. Bain an undivided one-half interest in the estate which C. L. Bain would have left but for the deeds of gift and but for the act of the plaintiff in mortgaging the land, plaintiff is estopped to deny the validity of the transaction by which his father parted with his title to the lands in suit.—*Oakley v. Shelly*, 129 Ala. 467; *Robbins v. Wooten*, 128 Ala. 373; *Kohn v. Peters*, 104 Ala. 523; *Gorce v. Clements*, 94 Ala. 337; *Lockwood v. Fitts*, 90 Ala. 150; *Elliott v. Dyke*, 78 Ala. 150; *Utermeble v. Morment*, 197 U. S. 40; *Gay v. Alter*, 102 U. S. 79; 24 A. & E. Enccy. of Law, 645. The court properly refused the charge requested by the plaintiff.— *McLeod v. McLeod*, 40 South. 414. Charge 7 given for the defendant was correct.—*Johnson v. Rowell*, 87 Ala. 685; *Johnson v. Armstrong*, 97 Ala. 731.

DENSON, J.—This is a statutory action of ejectment. in which the plaintiff seeks to recover an undivided half interest in the lands described in the complaint. The plaintiff and the defendant J. R. Bain are brothers, and the only heirs at law of C. L. Bain, deceased, who was their father. Prior to the death of the deceased, which occurred in the year 1900, he resided with the defendants; and in 1895, while so residing, he made two deeds, by one of which he conveyed to Sobrinie V. Bain (one of the defendants), the wife of J. R. Bain, 131 acres of the land sued for, and by the other 28 acres to the children of J. R. Bain and Sobrinie V. Bain. J. R. Bain and the grantees in the deeds are the defendants in this

cause. The contention of the plaintiff on the trial of the cause was that the execution of the deeds was procured by undue influence on the part of the defendant J. R. Bain. That was the sole issue on which the cause was tried. While there are numerous grounds in the assignment of errors, only four are argued and insisted on in the brief of counsel for appellant, and according to the uniform decisions of this court we shall consider only the four grounds (second, eighth, tenth, and thirteenth) insisted upon.

The plaintiff offered to show that, subsequent to the day on which the two deeds were executed, the grantor expressed his dissatisfaction at the way he had disposed of the lands in the deeds, and said he "wanted the lands divided equally between J. R. Bain and W. L. Bain, and that he had to make the deeds as they were to get rid of J. R. Bain." It has been expressly ruled by this court that declarations made by the grantor, subsequent to the full execution of the deed, are not evidence which can be looked to for the purpose of impeaching the deed. Especially is this true where it is not insisted that the grantees stood in any relation of confidence or possessed any peculiar influence over the grantor.—*Adair v. Craig,* 135 Ala. 332, 33 South. 902, and cases there cited. Consequently the court committed no error in not allowing proof of the declarations of the grantor made to witnesses C. P. Bain and W. C. Scarbrough.

In respect to the court's refusal to allow in evidence the file of chancery papers in the cause of *Charles L. Bain v. Sobrinie V. Bain et al.,* if the papers were competent against Sobrinie V. Bain on the idea that she agreed that the bill in that cause should be filed (a point we do not decide), yet there are defendants other than Sobrinie V., and there was no offer to prove that they agreed to the filing of the bill, and there was no offer to limit the file of papers, as evidence, to the defendant Sobrinie V. Bain. The court, therefore, for this reason, properly sustained the objection to the file of papers.

Charge 1 requested by the defendant was properly refused. Besides being argumentative, the facts hypothesized in the charge fall short of making a case of con-

[Chappelle v. Roberts.]

fidential relations between the father and son, such as would shift the burden of proof to the grantees to show that the deeds were voluntarily made.—*McLeod v. Mc-Leod,* 145 Ala. 269, 40 South. 414.

No error appearing in the assignments insisted on, the judgment of the city court is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.