148 So. 143

**RITTER v. MOSELEY.**

6 Div. 268.

Supreme Court of Alabama.

March 30, 1933.

Rehearing Denied May 25, 1933.

Ritter, Wynn & Carmichael and Victor H. Smith, all of Birmingham, for appellant.

650

Theodore J. Lamar, W. P. McCrossin, and Walter S. Smith, all of Birmingham, for appellee.

**BROWN, Justice.**

This is a statutory action in the nature of an action of ejectment by the appellant against the appellee to recover possession of "lot 4, according to Wm. Hall's Subdivision as shown on Map Book 3, on page 40, in the office of the Probate Judge of Jefferson County, Alabama, which said Lot fronts forty-two (42) feet on the North side of Eleventh Avenue, North, and extends back of uniform width along the West side of Lawn Street one hundred forty (140) feet, situated in Jefferson County, Alabama."

On the trial the defendant pleaded the general issue, 'not guilty, and there was a verdict and judgment for the defendant.

The plaintiff, to establish a legal title in himself, offered the following evidence:

First, a mortgage embracing said lot, executed by the defendant and her husband, J. D. Moseley, to Ida B. Culpepper Greene on the 24th day of February, 1926, to secure an indebtedness of $700, evidenced by a note of the same date, due and payable two years after date. The power of sale embodied in the mortgage was in the following language: "Should default be made in the payment of any sum expended by the said Ida B. Culpepper Greene, or should said note or any part thereof, or interest thereon, remain unpaid at maturity, or should the interest of said Ida B. Culpepper Greene or her assigns in said property become endangered by reasons of the enforcement of any prior lien or incumbrance thereon, so as to endanger the debt hereby secured, then in any one of said events the whole of said indebtedness shall at once become due and payable, and this mortgage

be subject to foreclosure *as now provided by law* in case of past due mortgages, and the said Ida B. Culpepper Greene, *her agents or assigns*, shall be authorized to take possession of the premises hereby conveyed, and after giving thirty days notice by publication once a week for three consecutive weeks, of the time, place, and terms of sale by publication in some newspaper published at Birmingham, Jefferson County, Alabama, in said County and State, to sell the same in front of the Court House door of said County, at public outcry, to the highest bidder for cash, and apply the proceeds of said sale, first, to the expense of advertising, *selling and conveying*, including a reasonable attorney's fee; and second, to the payment of any amounts that may have been expended or that may then be necessary to expend, in paying insurance, taxes or other incumbrances, with interest thereon; and third, to the payment of said note in full, whether the same shall or shall not have fully matured at the date of said sale; but no interest shall be collected beyond the day of sale; and fourth, the balance, if any, to be turned over to the said N. W. Embry Moseley and J. D. Moseley, and 'tis further agreed that said Ida B. Culpepper Greene, her agents or assigns may bid at said sale and purchase said property, if the highest bidder therefor." (Italics supplied.)

Second, the assignment of the note and mortgage and the debt secured thereby in the following words: "For value received, I, the undersigned, Ida B. Culpepper Greene, do hereby grant, bargain, sell and convey and transfer to Ritter, Wynn & Carmichael the within *mortgage, the debts secured thereby and the note evidencing said debt*." (Italics supplied.) This transfer purports to have been executed on September 27, 1927, and was signed by the mortgagee and her signature witnessed by two witnesses.

Third, a deed purporting on its face to be executed to correct the description of a deed theretofore executed by the mortgagors, N. W. Embry Moseley and J. D. Moseley, on the 25th of May, 1928, "by I. D. Hobbs, their attorney-in-fact," to the plaintiff, C. D. Ritter, said deed, after reciting the steps taken to foreclose, the sale "by I. D. Hobbs as auctioneer and agent for the transferees or assigns," on May 18, 1928, the purchase by C. D. Ritter, the highest bidder, at $860 and its payment, etc., and the execution of the former deed, concludes: "Now, therefore, in consideration of the premises, we, the said N. W. Embry Moseley and J. D. Moseley, by their attorney-in-fact, said I. D. Hobbs, do hereby grant, bargain, sell and convey unto the said C. D. Ritter the following described real estate [describing the lot in suit]. To have and to hold, to the said C. D. Ritter, his heirs and assigns forever. Witness our hands and seals, this the 17th day of April, 1929. (Signed) N. W. Embry Moseley, (L. S.),

J. D. Moseley, (L. S.), By J. D. Hobbs, Their Attorney-in-fact."

The certificate of acknowledgment is to the effect that "I. D. Hobbs, whose name is signed to the foregoing conveyance as attorney-in-fact for N. W. Embry Moseley and J. D. Moseley," as such attorney in fact for N. W. Embry Moseley and J. D. Moseley, and in "their name and behalf, executed the said conveyance voluntarily on the day the same bears date."

Fourth, the notice of foreclosure published "in the Weekly Call, a newspaper published at Birmingham, Alabama," appearing in the issues of April 14, April 21, and April 28, 1929, advertising the property for sale May 17, 1928, at the door of the courthouse in Jefferson county, Ala., by "Ritter, Wynn & Carmichael, transferors of said mortgage."

The plaintiff testified that he was the senior member of the firm of Ritter, Wynn & Carmichael; that he knew the handwriting of Ida B. Culpepper Greene, and that the signature on the back of the note and to the transfer was her signature; that he received the mortgage with the "purported assignment attached to it, as is now attached, about the last of September, or the first of October, 1927, and has had it ever since." The plaintiff also proved the rental value of the property as from $15 to $20 per month.

The plaintiff, on cross-examination, testified that the note and mortgage were not delivered to the firm of Ritter, Wynn & Carmichael for collection, but defendant offered in evidence the letter accompanying the delivery of the note and mortgage and the transfer, admitted to be such by the plaintiff, which concluded: "In accordance with suggestion in your present letter, I am enclosing mortgage deed and note described in my letter of August 27, 1927, together with assignment and indorsement. Please collect interest which was due August 24, 1926, and hold papers for collection of principal and interest due February 24, 1928." This letter was signed by the attorney of the mortgagee residing in Detroit, Mich.

The defendant also offered evidence tending to show that the defendant, acting in her own behalf and as the administratrix of her husband's estate, he having died in the year 1926, had made repeated efforts to pay the mortgage debt, and was ready, willing, and able to pay the same; that she had attempted to intervene in a divorce proceeding between the mortgagee and her husband, and paid the money into court, even before the debt was due, and had made other efforts to protect her home covered by the mortgage, worth something like $6,000; that the mortgagee was willing to settle for the amount due with interest, and that the defendant was ready and willing to pay the same, and that such

652

settlement was prevented by the attitude of the plaintiff, who claimed that the said Ida B. Culpepper Greene owed him for attorney's fees, and, as soon as the debt matured, proceeded to foreclose, and thereafter insisted on the payment of attorney's fees for foreclosure and interest at 10 per cent. per annum, which was not tendered in full.

■■ While it is well settled that equitable defenses are not available in a court of law as a defense to an action of ejectment, it is also settled that a defendant so sued may show that a conveyance of the title on which the plaintiff relies was obtained by fraud under such circumstances as to render it void, and this is a defense cognizable by a court of law. McCormick v. McCormick, 221 Ala. 606, 130 So. 226; Clarkson v. Pruett, 201 Ala. 632, 79 So. 194; Brown v. Hunter, 121 Ala. 210, 25 So. 924; Bain v. Bain, 150 Ala. 453, 43 So. 562; Loeb & Brother v. Manasses, 78 Ala. 555; Mathews v. Mobile Mutual Insurance Company, 75 Ala. 85; 67 L. R. A. 867 note; 19 C. J. 1085, 1086; Warvelle on Ejectment, § 254; Newell on Ejectment, p. 449, § 16.

Whether or not the evidence offered by the defendant tends to show such fraud as made the question one for the jury we need not decide, for the reason that the plaintiff has failed to establish a legal title in himself to the property sued for, and was not entitled to recover.

■ Appellant's contention that the decree by the court sitting in equity is res judicata as to the regularity of the foreclosure and of appellant's title cannot be sustained. That decree, after sustaining the demurrers to the bill, recites: "The court is of the opinion that the bill of complaint cannot be further amended so as to give it equity and that this cause should be dismissed. It is therefore ordered, adjudged and decreed that this cause be and the same is hereby dismissed," etc. Rule 28 of Chancery Practice, invoked by this contention, is that "If the complainant, after the cause is set down to be heard, cause the bill to be dismissed on his application, or if the cause is called on to be heard in the court, *and complainant makes default*, and by reason thereof the bill is dismissed, then, and in such dismissal, unless the court otherwise orders, is equivalent to a dismissal on the merits, and may be pleaded in bar to another suit for the same matter." (Italics supplied.) Code of 1923, vol. 4, p. 916, rule 28.

In Crowson v. Cody, 215 Ala. 150, 110 So. 46, and Stein et al. v. McGrath et al., 128 Ala. 175, 30 So. 792, the complainants were in default in failing to amend after leave granted by the court, while in the instant case the court dismissed the bill for the reason that it could not be amended, and the effect of the decree was nothing more than that

complainant, on the facts stated, was not entitled to the equitable relief sought. While the fact of the complainants' default in failing to amend does not appear on the face of the report in Stein et al. v. McGrath et al., supra, it is so stated by the court in the opinion in Crowson v. Cody, supra, page 152 of 215 Ala., 110 So. 46.

Whatever may be the effect of the decree of the court in the equity case in another suit of that nature, it does not conclude the defendant to litigate with the plaintiff as to the legal title involved in this suit, where the plaintiff must recover on the strength of his title and not on the weakness of the defendant's. Doe ex dem. Slaughter v. Roe ex dem. W. M. Carney Mill Co., 221 Ala. 121, 127 So. 671; Seaboard Air Line Ry. Co. v. McFry, 221 Ala. 268, 128 So. 239.

■ The legal title to the property passed to and vested in the mortgagee, Ida B. Culpepper Greene, by the execution and delivery of the mortgage to her by the defendant and her husband—leaving in them only the equity of redemption. Childress v. Monette, 54 Ala. 317; Toomer, Sykes & Billups v. Randolph, 60 Ala. 356; Fields v. Clayton, 117 Ala. 538, 23 So. 530, 67 Am. St. Rep. 189; New England Mortgage Security Co. v. Clayton, 119 Ala. 361, 24 So. 362.

■ The mortgagors had the power and the legal right by appropriate provisions in the mortgage, or by separate power of attorney duly executed to that end, to confer on a third person as their agent and attorney in fact authority to convey such interest as remained vested in them. Gamble v. Caldwell, 98 Ala. 577, 12 So. 424; Thompson v. Union Bank & Trust Co., 204 Ala. 293, 85 So. 388; Lang et al. v. Stansel, 106 Ala. 389, 17 So. 519; Naugher v. Sparks, 110 Ala. 573, 18 So. 45.

If the conveyance by such attorney in fact is to the mortgagee who has the legal title, or to one who has acquired the legal title from the mortgagee, it divests the mortgagor of the equity of redemption, and the mortgage becomes thereby an unconditional conveyance of the legal title. Diefenbach v. Vaughan, 116 Ala. 150, 23 So. 88; Jackson et al. v. Tribble, 156 Ala. 480, 47 So. 310; Thompson v. Union Bank & Trust Co., supra.

■■ Therefore, though it be conceded that "J. D." Hobbs or I. D. Hobbs was an attorney in fact for N. W. Embry Moseley and J. D. Moseley, and that his authority to act was not revoked by the death of J. D. Moseley, which, as the evidence shows, occurred before the execution of the deed of April 17, 1929, that deed did not vest in the plaintiff, Ritter, the legal title to the property, and, at most, conferred on him the interest

of the Moseleys at the time of its execution, unless it can be said that the statute, section 9010, Code of 1923, authorized the execution of such deed in the name of the mortgagors.

That section provides: "Where a power to sell lands is given to the grantee in any mortgage, or other conveyance intended to secure the payment of money, the power is part of the security, and may be executed by any person, or the personal representative of any person who, by assignment or otherwise, becomes entitled to the money thus secured; *and a conveyance of the lands sold under such power of sale to the purchaser at the sale, executed by the mortgagee, any assignee or other person entitled to the money thus secured, his agent or attorney, or the auctioneer making the sale, vests the legal title thereto in such purchaser,*" etc. (Italics supplied.) Section 9010, Code of 1923.

This statute as it appeared in the Code of 1886 (§ 1844), and in subsequent Codes up until the Code of 1923, was in the language of the present statute down to the words italicized, and in Sanders v. Cassady & Blackwell. 86 Ala. 246, 248, 5 So. 503, construing this statute as it appeared in the Code of 1886, it was ruled that the power of foreclosure was conferred on the donee of the power, and, if exercised by one entitled to the money not invested with the legal title to the land, the execution of a deed by the donee of the power was essential to pass the title, and that a deed executed by the auctioneer, who was pro hac vice the agent of the donee, was inefficacious to pass the legal title. The court observed: "The auction sale very certainly did not operate to vest the legal title in the purchaser without the aid of a deed. Tripp v. Ide, 3 R. I. 51. The auctioneer was the mere agent of the appellees [the assignees of the mortgage and the debt secured thereby] to make the sale; his memorandum of the property, price, terms of sale, and names of the purchasers, and of the person on whose account the sale was made, being such a note of the contract as to take the sale out of the operation of the statute of frauds. Code 1886, § 1733. But the deed was made in the name of the auctioneer, and not in the name of the donee of the power, who was his principal, and, such agent having no title, conferred none on the purchaser. Where a deed is executed by an agent in his own name, and not in the name of the principal, it is not the deed of the principal, and can have no operation in a court of law, or as a conveyance of the legal title. The deed should have been executed by the donees of the power, who alone had authority to do so." 86 Ala. 248, 5 So. 503, 504. There is nothing in the provisions ingrafted on to the statute by the Code committee that makes the auctioneer the agent of the mortgagor, or that empowers such auctioneer to execute a deed in the name of the mortgagor; nor is there anything in these provisions that can be construed to change the general principles of law stated in that case. The effect of these provisions is to empower the person who executes the power to complete the foreclosure by the execution of a deed in the name of the donee of the power. This holding is supported by Cooper v. Hornsby, 71 Ala. 62, reaffirmed in Mewburn's Heirs v. Bass, 82 Ala. 622, 2 So. 520; Farley, Spear & Co. v. Whitehead, 63 Ala. 295, 301.

In Ramsey et al. v. Sibert, 192 Ala. 176, 68 So. 349, the donees of the power became the purchasers at the foreclosure sale and executed to themselves a deed, constituting a completed foreclosure so as to vest the legal title. True, this does not appear in the report of the case, but the record shows this to be true, and what was said in that case must be taken in the light of the record. This was also true in Ward et al. v. Ward et al., 108 Ala. 278, 19 So. 354, cited in the opinion of the court in Ramsey et al. v. Sibert, supra. A like condition prevailed in Boswell v. Land, 217 Ala. 39, 114 So. 470.

In Bellenger v. Whitt, 208 Ala. 655, 95 So. 10, one of the mortgagees purchased at the foreclosure sale, and after a lapse of some years a deed was executed in pursuance of the foreclosure sale. The cases cited to sustain the holding of the court in that case are Garren v. Fields, 131 Ala. 304, 30 So. 775, and Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105, wherein the mortgagees became the purchasers at foreclosure sales, and in the first case a deed was executed by the donee of the power—the mortgagee—to the purchaser.

■ Where the mortgagee exercises the power of sale and becomes the purchaser, the authorities all agree that the execution of a deed is not essential to vest the legal title, for the simple reason that the mortgagee holds the legal title under the mortgage. Jackson et al. v. Tribble, 156 Ala. 480, 47 So. 310.

■ Nor is the execution of a deed necessary to vest in the purchaser the equitable title. Mewburn's Heirs v. Bass, supra; Durden v. Whetstone, 92 Ala. 480, 9 So. 176. But such title will not support an action of ejectment.

Whether the recitals in the deed executed by Hobbs as attorney in fact for the Moseleys are prima facie evidence of the facts stated need not be decided in this case, but we deem it not improper to observe that the authorities seem to hold that such recitals are prima facie evidence of the facts only in cases where the party executing the deed acts in accordance with and in pursuance of the authority vested in him by the mortgage

or the statute. Naugher v. Sparks, 110 Ala. 572, 18 So. 45; Clark v. Johnson et al., 155 Ala. 648, 47 So. 82.

 We are clear to the conclusion that by the transfer of the mortgage and note and the debt thereby secured, before the maturity of the mortgage debt, to Ritter, Wynn & Carmichael, the parties did not contemplate or intend to convey the legal title to the land embraced in the mortgage, and this conclusion is strengthened by the statement in the letter of the mortgagee's attorney, which accompanied and was of the res gestæ of the delivery of the transfer, showing that it was delivered for collection. To effect a transfer of the legal title by transfer of the mortgage, the transfer must evince the intention of the grantor to pass the legal title to the land. Ward et al. v. Ward et al., 108 Ala. 278, 19 So. 354; Federal Land Bank of New Orleans v. Branscomb, 213 Ala. 567, 105 So. 585; Graham & Rogers v. Newman, 21 Ala. 497; 41 C. J. 688, § 698; Union Bank & Trust Co. v. Thompson, 202 Ala. 537, 81 So. 39; New England Mortgage & Security Co. v. Clayton, 119 Ala. 361, 24 So. 362; Barron v. Barron, 122 Ala. 194, 25 So. 55; Langley v. Andrews, 132 Ala. 147, 31 So. 469.

 The plaintiff not showing in himself a legal title entitling him to recover, rulings of the court adverse to him, if error, were without injury.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.