BLANN VS. CHAMBLISS.

1. A record is evidence of the facts recited, only between the immediate parties to it, or privies in fact or in law.

Error to Autauga Circuit court.

Assuumpsit, tried before *Harris*, J.

The plaintiff, Blann, declared in the common counts in assumpsit, against the defendant, Chambliss, and to make out a *prima facie* case of money paid on his account, offered in evidence the exemplification of a judgment obtained by one Hasket, against him, the said Blann. The declaration, which is shewn in this exemplification, recites, that Chambliss, on the twenty-ninth August, eighteen hundred and thirty-three, made his promissory note, payable to the said Blann, or bearer, for two hundred dollars, which note Blann endorsed to Hasket, who sued Chambliss, who pleaded non-assumpsit, payment, set-off and partial failure of consideration, on which issues were joined, and a recovery had against Chambliss for only fifty-four dollars and forty cents. The declaration then alleges, that Chambliss successfully de-

fended the suit in the manner aforesaid, and that the defences which were allowed by the jury on the trial, were defences against the note, in the hands of Blann, before his endorsement of the same to Haskit; by reason of which, he (Blann) became liable to pay Haskit the difference between the sum recovered of Chambliss, and the amount of the note. This declaration also contains the money counts. The exemplification also shows a trial on the plea of non-assumpsit, a verdict and judgment in favor of Haskit against Blann, for two hundred and fifty-two dollars. This exemplification was rejected by the Circuit court, and Blann excepted; and the error assigned is, that the court erred in not admitting this as evidence.

*Edwards*, for plaintiff in error.

*Clark*, contra.

GOLDTHWAITE, J.—The exemplification was evidence of nothing but the facts, that a suit was commenced by Haskit against Blann, and that it was determined in the manner shown by it. All records, to this extent, are evidence, but no record can be evidence of the facts recited, except between the immediate parties to it, or privies in fact or law—(1 Starkie, 191, and cases there cited.) Chambliss was neither a party or a privy to the suit described in the exemplification offered in evidence, but if he was a privy in law, he is also shown to have been the successful litigant in the suit recited, and it is difficult to conceive how any right of action could arise from these facts, in favor of Blann, against

him, as it shows a determination of all the matters which could have been litigated between Blann and Chambliss, if the former had sued the latter on the note. Blann was the assignor of the note, and when the suit of Hasket against Chambliss was determined, he stood in the attitude of a privy in law, and was equally bound with Hasket by the decision, and could never litigate with Chambliss the same matters. In this aspect, it is clear, that so far from showing a *prima facie* liability in Chambliss, to account to Blann for money paid, the record would seem to induce an opinion directly contrary. If the first count of the declaration set out in the exemplification had been omitted, the judgment would then appear to have been rendered on the money counts, on which issue the endorsement of Blann, with the necessary evidence to charge him as endorser, might have induced the recovery, but even in such a case, the record would not be evidence, in a suit against Chambliss, either of the fact that he had made the note, or that Blann had endorsed or paid it.

It may be remarked, in addition, that it does not appear from any part of the record, that Blann has ever satisfied the judgment obtained by Hasket against him, a fact which it would be necessary to establish, in order to make Chambliss responsible to him, if the note remained the property of Hasket.

The record was not admissible in evidence, to show a liability from Chambliss to the plaintiff, Blann, and as it was offered for this purpose, was properly rejected, it not being accompanied with other evidence to make out a liability in the defendant.

The judgment is affirmed.