## WILSON *vs.* CAMPBELL.

33 249<br>119 369

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Admissibility of execution as evidence for purchaser at sheriff's sale.*—In ejectment against a purchaser at sheriff's sale, the execution under which the sale was made, being regular on its face, is admissible evidence for him, although its validity is controverted on the ground that the plaintiff therein was dead when it was issued.

2. *Admissibility of record as evidence.*—In an action against a purchaser of land at sheriff's sale, brought by one who was neither a party nor a privy to either one of the executions under which the sale was made, the record of a motion against the sheriff, by the plaintiff in one of the executions, to have the proceeds of the sale paid over to him, on the ground that the plaintiff in the other execution was dead before the issue of his execution, is not admissible evidence against the defendant, to prove the fact that said plaintiff in execution was dead before the issue of his execution.

3. *Admissibility of sheriff's deed as evidence.*—The admissibility of a sheriff's deed, as evidence for the purchaser at execution sale, is not affected by a variance between the judgment and execution under which the sale was made, and the recitals thereof in the deed.

17

4. *Motion to suppress deposition on account of defective execution of commission.*—A deposition will be suppressed on motion, when it appears from the certificate of the commissioner that the witness died before signing it ; the commissioner testifying, also, that the witness took the interrogatories away with him, and returned the answers to him already written out, but never subscribed or verified them by oath.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by L. J. Wilson, against Archibald Campbell, to recover certain lands which were described in the complaint as follows : " The south-east quarter of section seven, township eleven, range one east, containing one hundred and sixty 61-100 acres; the south-west quarter of section eight, same township and range, containing one hundred and sixty 92-100 acres; the north-east quarter of section eight, same township and range, containing one hundred and sixty 92-100 acres ; the south-west quarter of the south-east quarter of section eight, same township and range, containing forty 23-100 acres; the west half of the north-west quarter of section seventeen, same township and range, containing eighty acres; and the east half of the north-west quarter of section eight, same township and range, containing eighty acres." The plaintiff claimed the lands under a deed of trust, dated the 22d February, 1845, which was executed by Henry A. Skinner, to John Howze as trustee, for the benefit of Harris, Clayton & Co. as beneficiaries, " and transferred shortly thereafter, for value paid, to one L. M. Wilson ; " and his purchase under the deed, at a sale made by the trustee on the 24th September, 1845. The defendant derived title under a purchase at sheriff's sale, made on the 2d August, 1852, under two executions against said Henry A. Skinner, one in favor of the Branch Bank at Mobile, and the other in favor of one J. B. Skinner; and he also attacked the validity of the deed under which the plaintiff claimed.

The judgment in favor of the Branch Bank at Mobile against Henry A. Skinner was rendered on the 2d December, 1845, and was for $3,484 30. On this judgment six executions were issued, under the last of which, issued on

the 18th June, 1852, the levy and sale were made. In the sheriff's endorsement on this last execution the land levied on is thus described : " The south-east quarter of section seven, township eleven, range one east, containing one hundred and sixty acres ; the north-east quarter of section eight, same township and range, one hundred and sixty acres ; the south-west quarter of section eight, same township and range, one hundred and sixty acres ; south-west quarter of south-east quarter of section eight, same township and range, forty acres ; the west half of the north-west quarter of section eight, same township and range, eighty acres ; and the west half of the north-west quarter of section seventeen, same township and range, eighty acres ; " and the endorsement states, that " six hundred acres of the above land was sold to A. Campbell." The judgment in favor of Joseph B. Skinner, which was for $1,452 50, was rendered by confession on the 27th October, 1845. On this judgment three executions were issued, under the last of which, issued on the 3d May, 1852, the sheriff levied on the same lands, describing them in his endorsement thereon as on the execution in favor of the Branch Bank. When the defendant offered in evidence the execution in favor of Joseph B. Skinner, the plaintiff objected to its admission, " on the ground that it was null and void on account of the death of said J. B. Skinner at the time it was issued ; " and, in support of his objection, read in evidence to the court the record of the proceedings had in the court from which said executions issued, on a motion by one Jones Fuller, as the assignee of the bank judgment, to have the proceeds of the sale of lands paid over to him, on the ground that the execution in favor of J. B. Skinner was void, because the plaintiff therein was dead at the time it was issued ; which motion was granted by the court on that ground. The defendant objected to the admissibility of this record, and the court sustained his objection ; to which the plaintiff excepted. The court then overruled the plaintiff's objection to said execution, and allowed the execution to be read to the jury ; to which also the plaintiff reserved an exception.

The sheriff's deed to the defendant described the judgments and executions, under which the land was sold, as follows : " Whereas, by virtue of two executions, issued out of the circuit court of Clarke and Mobile counties, to me directed and delivered, tested the 3d May and 18th June, 1852, I was commanded to take of the goods and chattels of Henry A. Skinner the sum of $5,304 50, which the Branch of the Bank of the State of Alabama at Mobile and J. B. Skinner have recovered against him in the said courts," &c. The land was thus described in said deed : " The north-east quarter of section seven, township eleven, range one east, containing one hundred and sixty acres ; the north-east quarter of section eight, same township and range, containing one hundred and sixty acres ; the south-west quarter of section eight, same township and range, containing one hundred and sixty acres ; the south-west [*quarter*] of the south-east quarter of section eight, same township and range, containing forty acres ; and the east half of the north-west quarter of section eight, same township and range, containing eighty acres—making six hundred acres." The plaintiff objected to the admission of this deed, " because it did not set out any such judgments or executions as those offered in evidence." The court overruled the objection, and the plaintiff excepted.

The plaintiff sought to impeach the defendant's title under the bank judgment and execution, by showing that one George W. Barney, who was a joint maker (with Henry A. Skinner) of the note on which said judgment was founded, " had paid and satisfied said judgment before the levy and sale under said execution ; " and that said Barney was the real defendant in the suit, Campbell being merely his tenant and agent. For the purpose of rebutting the defendant's proof of fraud in the deed under which he claimed, the plaintiff offered to read in evidence the deposition of said Henry A. Skinner, taken by R. F. Butt as commissioner. The final certificate, appended to said deposition by the commissioner, was in these words : " And I, R. F. Butt, commissioner as aforesaid, do further certify, that I have personal knowledge of the

identity of the witness; that his aforesaid evidence and answers, under oath, were taken down and reduced to writing, and examined by the witness, and by him approved; that the said testimony, as specified in the caption, the day the same bears date, (?) in conformity with the laws of Alabama; and that the witness' name is not subscribed to the deposition, because he was taken sick and died of yellow fever before I could prepare the document." The defendant objected to the admission of this deposition, and, in support of his objection, read to the court the deposition of R. F. Butt, the commissioner by whom said Skinner's deposition was taken, who testified, substantially, that he allowed Skinner to take the interrogatories home with him, on his representation "that he desired to be very particular about the matter, and that it would be necessary for him to refer to some old papers in his possession;" that Skinner afterwards returned the interrogatories to him, with his answers thereto, written out, as he said, by himself; that he then requested Skinner to call the next day, in order that he might sign and swear to the answers after they had been copied; and that he never saw Skinner again. The court excluded the deposition of Skinner, and the plaintiff excepted.

All the rulings of the court to which exceptions were reserved, as above stated, are now assigned as error.

E. S. DARGAN, with whom was JNO. T. TAYLOR, for the appellant.

F. S. BLOUNT, contra.

RICE, C. J.—The execution in favor of Joseph B. Skinner against Henry A. Skinner was offered by the defendant in this action, in connection with other evidence, to show title in himself to the land in controversy. It was not void on its face. Conceding that its weight and effect would have been destroyed by proof of the fact, that the plaintiff therein (the said Joseph B. Skinner) died before it issued ; yet, as that fact was not admitted, but was contested, its determination, in this action, belonged not to the court, but to the jury. As the execu-

tion was, *prima facie*, valid and admissible, and its invalidity depended upon a question of fact, which the jury alone, in this case, were competent to determine, the court properly admitted it in evidence; that being the only course which would secure to the defendant the benefit to which he was entitled from the execution, in the event the jury determined the aforesaid question of fact in his favor.—Driver v. Spence, 1 Ala. 540.

[2.] The record of the motion made by Jones Fuller, assignee of the Branch Bank at Mobile, and of the action of the court thereon, was offered as evidence *against the defendant in the present action, of the fact that Joseph B. Skinner died before the issue of the aforementioned execution*. It is certain that the plaintiff in this action was neither a party nor privy to that motion; and that if the decision upon that motion had gone the other way, it could not have been used by the present defendant against him, as *evidence of the fact* of the death of the said Joseph B. Skinner before the execution issued. It is a rule, that a record is not *evidence of the facts* recited, except between the parties to it, or privies; nor in favor of one who was neither party nor privy, and against whom it could not have been evidence of the facts recited.—Blann v. Chambliss, 9 Porter, 412; Plant & Co. v. Harris, at the last term; Atwood v. Wright, 29 Ala. R. 346, and authorities there cited.

[3.] The variance between the judgments and executions under which the sheriff sold the land, and the recitals of those judgments and executions in his deed, did not render his deed inadmissible.—Driver v. Spence, *supra*.

[4.] There was no error in rejecting the instrument offered as the deposition of H. A. Skinner, under the notice and agreement that the motion to that effect might be heard at any time during the trial. To entitle a party to the introduction of a deposition at law, when its admissibility is properly objected to, it must appear that the requisitions of the statute in relation to the taking of depositions have been substantially complied with. That does not appear in this instance, when the

testimony of the commissioner is noticed.—Code, § 2322; Ulmer v. Austill, 9 Porter, 157 ; Henderson v. Givens, 16 Ala. R. 261.

Judgment affirmed.