# Davidson v. Kahn.

*Action of Ejectment by Purchaser at Sale Under Execution.*

1. *Sheriff's deed; erroneous recitals.*—The erroneous recital in a sheriff's deed of the date of the execution under which the sale was made does not invalidate the deed.

2. *Secondary evidence of indorsement on execution.*—Upon proof

[Davidson v. Kahn.]

of the loss of an execution, and it not appearing that the endorsement of the levy thereon is of record, it is competent to show what the endorsement was by parol evidence.

3. *Irrelevant evidence; error without injury.*—When there is uncontroverted proof that the judgment debtor was the owner of the lands sued for prior to the purchase thereof by the defendant, the admission of similar evidence. which is irrelevant in not sufficiently identifying the lands, is error without injury.

4. *Restricted levy; title acquired.*—A levy of an execution on all the "interest" of the defendant in execution in lands. and sale thereof, passes an absolute title as against the grantee in a conveyance by the defendant in fraud of the judgment creditor. Such levy is not restricted to the interest of the defendant as between himself and such grantee.

5. *Interest sold; discrepancy between sheriff's return and deed.*—It would seem that a lack of correspondence between the return of the sheriff as to the interest of the defendant levied upon, and the sheriff's deed as to the property sold, is of no consequence; the deed controls.

6. *Other conveyances by debtor.*—Upon the issue of fraud *vel non* in a conveyance of property in payment of an alleged indebtedness, it is competent for plaintiff to prove that contemporaneous with such conveyance, the debtor disposed of different parcels of property to various relatives in payment of alleged debts, and followed with a general assignment, there being other evidence tending to show that all the conveyances constituted but one transaction.

APPEAL from Wilcox Circuit Court.

Tried before Hon. J. R. TYSON.

This was a statutory action of ejectment, brought by the appellee, Bernhard Kahn, against the appellant, Simon Davidson, to recover certain lands specifically described in the complaint. On the trial of the case the following facts were shown: On May 24, 1894, the plaintiff recovered a judgment in the Circuit Court of Wilcox County, against Max Machaelis for $2,763. Upon this judgment two executions were issued, one on June 19, 1894, and the other on December 27, 1894. The latter execution was placed in the hands of the sheriff of Wilcox County on January 1, 1895. The sheriff levied this execution on the lands involved in this suit, and sold said land under said execution, after due advertisement at public outcry on February 4, 1895. The plaintiff purchased said lands at the sale and the sheriff executed to him a deed therefor. On April 6,

1895, the plaintiff brought the present suit against the defendant for the recovery of said lands.

The plaintiff introduced in evidence the sheriff's deed, conveying to him the lands involved in this suit, which was regular in form, and recited that the execution which was levied upon the lands and under which the lands were sold, was issued January 1, 1895. The plaintiff then proved by the clerk of the circuit court, the sheriff, and the deputy sheriff, that the execution on the judgment which he had recovered against Machaelis was issued on December 27, 1894, and was delivered to the sheriff and was levied upon the lands in controversy, and that the sale of said lands was made under said execution. It was then shown by the testimony that the execution which was levied upon the lands was lost after it was levied upon the land. The sheriff and the deputy sheriff testified that the execution, after its levy, was returned to the sheriff's office; that after diligent search and looking carefully for the execution in the sheriff's office and the places where such papers were kept, they had been unable to find said execution, and that it was lost. The witness then testified as to the contents of the execution, and also testified that the return endorsed by the sheriff on said execution was as follows: "By virtue of this execution, I levied on all the interest of Max Machaelis in and to the following property." (Then follows a description of the lands sued for and of personal property also levied upon.) The defendant objected to the introduction of this evidence, upon the ground that it was secondary evidence, and that the execution was the best evidence of the contents thereof and of the endorsement made thereon. The court overruled this objection, and the defendant duly excepted. The defendant then moved to exclude from the evidence the deed executed by the sheriff to the plaintiff, upon the ground that it recites that the sale was made under the execution dated January 1, 1895, and the testimony shows that the execution was dated December 27, 1894. The court overruled this motion, and the defendant duly excepted.

The plaintiff, as a witness in his own behalf, testified "that he knew from what M. Machaelis told him that he (Machaelis) owned, prior to November, 1893, the land sued for."

Jesse Steele, witness for the plaintiff, testified that
M. Machaelis owned prior to November, 1893, some land
in western part of Wilcox County, that Machaelis had
built a store on said land prior to year 1893, that he did
not know the land by numbers, but did know that Mach-
aelis was in possession of these lands up to the time of
his assignment.   The defendant moved to exclude all of
the testimony of said witness, Steele, because, 1st, it was
immaterial to the issue; 2nd, it was irrelevant, and 3rd,
it was misleading. The court overruled said motion and
allowed said testimony to go to the jury, and the de-
fendant then and there duly and legally excepted to said
ruling of the court.

The defendant introduced in evidence a deed from
Max Machaelis conveying to him, the defendant, the
lands involved in this suit.   This deed was dated No-
vember 11, 1893.   The defendant as a witness in his
own behalf, testified that on November 11, 1893, Max
Machaelis was indebted to him in the sum of $3,432.70,
exclusive of interest, and that the deed conveying the
said lands, reciting a consideration of $2,825, was in part
payment of Machaelis' indebtedness to him, the defend-
ant.   The defendant further testified that he "kept
books in which he made a correct entry at the time of the
transaction of every item of money received by him from
all sources and of all moneys expended, loaned or other-
wise paid out by him."   The plaintiff introduced said
books in evidence, and the bill of exceptions recites that
said books tended to show that there was nothing due the
defendant from Machaelis in November, 1893.   It was
further shown by the plaintiffs, that on November 10,
1893, Max Machaelis, by separate deeds, conveyed a por-
tion of his property to A. A. Davidson, his brother-in-
law, and also parts of his stock of merchandise to his
sister-in-law, Martha Davidson, and to his cousin, Marx
Arnheim, and that on November 13, he executed a deed
of assignment to Meek Miller, for the benefit of all his
creditors.   The defendant objected to the introduction
of all these separate deeds in evidence, and duly except-
ed to the court's overruling his objection.

It was further shown that the defendant in this case
was also a brother-in-law of Max Machaelis.   The other
facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defend-

ant requested the court to give to the jury the general
affirmative charge in his behalf, and duly excepted to
the court's refusal to give said charge as asked. There
were verdict and judgment for the plaintiff. The de-
fendant appeals, and assigns as error the several rulings
of the trial court to which exceptions were reserved.

MILLER & BONNER, for appellant.—The levy was re-
stricted to the interest of defendant.—*Gassenheimer v.
Malton,* 80 Ala. 521-527. The sheriff could sell
no greater interest than was levied upon; the deed
could convey no greater interest than was sold.—79 Ala.
102; 2 Ala. 676; 80 Ala. 521. Conveyances to other per-
sons, with which defendant was in no way connected,
were inadmissible.—*Davidson v. Kahn,* 22 So. 539.

PITTS & PITTS, *contra.*—It was no objection to the
sheriff's deed that it erroneously recited the date of the
execution.—1 Brick. Dig. p. 547, §255. Secondary
evidence of the indorsement on the execution, shown to
be lost, was admissible.—9 Ala. 803; 65 Ala. 259; 19
Ala. 245. It was not absolutely necessary for plaintiff
to show the indorsement on the execution.—16 Ala. 642;
*Ib.* 552; 5 Ala. 58; 1 Ala. 540. There was no error in
the admission of the testimony of the witness, Steele.—
52 Ala. 597; 63 Ala. 284; 1 Brick. Dig., p. 809; §§81
and 82. Great lattitude is allowed in the range of evi-
dence on the question of fraud. There was no error in
the admission of testimony of conveyances to other per-
sons as part of one transaction.—52 Me. 343; Allen's
Rep., Vol. 2, 562; 12 Pick. 89; 75 Ala. 411; Bump. on
Fraud. Con. (3rd. Ed.) 583, 584, 591; 34 Pa. 221; 83 Pa.
179. Plaintiff having proved the existence of his debt
before the conveyance to the defendant, the *onus* was on
defendant to prove the *bona fides* of his debt.—62 Ala.
34; 72 Ala. 137.

McCLELLAN, J.—The erroneous recital in the sher-
iff's deed of the date of the execution under which the sale
was made does not invalidate the deed. The sale was
regular and the deed efficacious whether the execution
was issued on December 27, 1894, as the evidence tends
to show, or on January 1, 1895, as the deed recites, and
a mistaken recital, if indeed it was made, of the latter

[Davidson v. Kahn.]

instead of the former date is of no consequence.—*Henley v. Bank,* 16 Ala. 552; *Wilson v. Campbell,* 33 Ala. 249.

It did not appear in the case that the endorsement of the levy of the execution appeared on the execution docket, or elsewhere of record. The loss of the execution itself was shown. And it was, therefore, entirely competent to show what the endorsement thereon was by parol evidence.—*Stewart v. Comer,* 9 Ala. 803; *Baucum v. George,* 65 Ala. 259.

Kahn testified without objection that Machaelis, prior to November, 1893, owned the land involved in this suit. This was enough in the way of identification to put the defendant to a showing of his title, and his evidence took the question of identity and of Machaelis' ownership and possession prior to November, 1893, out of dispute. Steele's testimony could not, therefore, have prejudiced defendant, and if error was committed in receiving it, it will not operate to reverse the judgment.

As between and among the plaintiff and defendant in the execution and the grantee of the defendant in execution, the defendant in this action, and for all the purposes of the present case, the "interest" of Machaelis in the land levied on was either the absolute title or he was without any interest therein, depending upon whether the conveyance by him to Davidson was void as to plaintiff for fraud or not. As that is the question for adjudication here, for the purposes of this trial the levy was essentially upon *the land* as the property of Machaelis. And it was the land that was sold under the levy and conveyed by the sheriff to plaintiff, and not merely such interest as Machaelis had therein as against Davidson. Moreover, it would seem that a lack of correspondence between the return of the sheriff as to the interest of defendant levied upon and the sheriff's deed as to the property sold and conveyed is of no consequence: the deed controls.—*Forrest v. Camp,* 16 Ala. 642.

Plaintiff had the land involved here levied upon and sold, became the purchaser thereof and prosecutes this suit for the recovery of the possession of it on the theory that the deed from Machaelis to Davidson was made to hinder, delay and defraud Machaelis' creditors, plaintiff among the rest. There is no direct evidence that the debt from Machaelis to plaintiff, for the payment of

24

which the land was sold under execution, existed at the time of the conveyance to Davidson, but there is abundant room afforded by the evidence for the jury to draw an inference to that effect. So finding it was for them to further consider whether that conveyance was made to hinder, delay and defraud plaintiff and other creditors; and upon this inquiry it was clearly competent for the plaintiff to show that about the time, the day before in fact, of the conveyance to defendant, Machaelis transferred and conveyed other property upon the consideration of alleged antecedent debts, to Martha Davidson, S. A. Davidson and Marx Arnheim, respectively, who were, as was the defendant, related to him, Machaelis, and that two days afterwards he made an assignment of the remainder of his effects for the benefit of his creditors, there being other evidence than the coincidence of dates going to show that each one of these transactions was but part of a general purpose to dispose of all his estate, and hence that they all constituted but one transaction. This evidence may have had little or no weight with the jury, and it may have been entitled to little consideration as showing fraud; but it was none the less admissible.—*Nelms v. Steiner*, 113 Ala. 562, 575.

It is insisted for appellant that the evidence without conflict shows that Machaelis owed defendant a debt commensurate with the value of the property conveyed by the former to the latter as in satisfaction of it, and that the conveyance was made in good faith to pay this debt. If this contention were supported by the record the affirmative charge should have been given for defendant. But we do not concur in this view of the evidence. To the contrary, we find that certain books which defendant produced and in which he testified the accounts between him and Machaelis were correctly set down "tended to prove," to use the language of the bill of exceptions, "that there was nothing due defendant upon (either of) these accounts in November, 1893," the conveyance having been made November 11th, 1893; and we find no warrant on this evidence as thus stated for saying that it means only that there was nothing due for that the accounts were paid by the conveyance on the day named. If the jury found in line with this tendency of the evidence, as they had the right to do, their conclusion must have been that Machaelis did not owe the defendant on

any day in November, 1893, and hence, of course, that there was no consideration for the conveyance of November 11th, 1893.

We find no error in the record, and the judgment must be affirmed.

: Affirmed.