HILTON v. WOODMAN'S ESTATE.

MORTGAGES—ASSIGNMENT—TRUST FUND.

A mortgagee assigned mortgages to his daughter by a written assignment which merely described the mortgages, and provided that it was "for her individual use, to be hers over and above any part of the estate" he might leave at his death. The mortgages and notes secured thereby were never given over to her, but remained in his hands until paid, when he applied the proceeds to purposes of his own, without reference to her interest. His will gave her a certain sum, and stated that it was "in addition to the house and lot heretofore given her," but did not mention the mortgages. *Held*, that the assignment carried the notes as well as the mortgages, and that the proceeds were received in trust for the assignee.

Error to Ionia; Davis, J. Submitted April 5, 1900. Decided May 29, 1900.

Eva L. Hilton presented a claim against the estate of Benjamin F. Woodman, deceased, for money had and received. The claim was allowed by the commissioners, and the estate appealed to the circuit court. From a judgment for claimant, the estate brings error. Affirmed.

*J. H. Tatem* (*Adolphus A. Ellis*, of counsel), for appellant.

*Walker & Fitzgerald* (*M. H. Walker*, of counsel), for appellee.

LONG, J. Claimant is the daughter of Benjamin F. Woodman, deceased. After his death she presented to the commissioners on claims in his estate the following items for allowance:

1. The amount of the proceeds of a mortgage given by Benjamin F. Nesbaum to the deceased, and dated February 19, 1887, for $1,400, which said mortgage was assigned

to claimant on February 21, 1888, and the proceeds afterwards received by deceased, and held in trust for use of claimant, in the amount of $1,604, with interest to time of his death at 6 per cent.

2. The proceeds of a mortgage given by Arthur Eddy and wife, December 29, 1887, for $950, and assigned to claimant, and afterwards paid to deceased, and the proceeds held in trust for claimant, in the amount of $950, with interest to time of his death, etc.

The proceeds of these two mortgages were claimed by claimant under the following assignment:

"SARANAC, Feb. 21st, 1888.

"This may certify that I, Benjamin F. Woodman, do assign and set over and give to my daughter, Eva L. Hilton, of Alpine, Kent county, Michigan, two assignments of mortgages,—one against Arthur Eddy and wife, of the amount of nine hundred and fifty dollars ($950), and one against Benjamin Nesbaum, of the amount of one thousand and four hundred dollars,—for her individual use, to be hers over and above any part of my estate I may leave at the time of my decease.

"Given under my hand at Saranac, this 21st day of February, in Ionia county, Michigan, 1888.

"Signed by me,
"BENJAMIN F. WOODMAN."

On the back of this instrument appears the following:

"B. F. Woodman's assignment of mortgages, or the amount of each.
"B. F. WOODMAN."

The claims were allowed by the commissioners, and an appeal was taken to the circuit court, where the cause was tried before a jury. The court charged the jury, in reference to this paper of February 21st, above set forth, as follows:

" The instrument introduced by claimant dated February 21, 1888, of itself creates a valid trust in the two mortgages mentioned therein in favor of the claimant and against Benjamin F. Woodman, unless the testimony shows that such was not the intention of Mr. Woodman; and the burden is upon the estate to show, by a fair preponderance of evidence, that such was not his intention."

Also:

" The instrument in question is, upon its face and in law, a valid declaration of trust, and, from the time of its delivery, Mr. Woodman held the mortgages, or the amounts thereof, in trust for the claimant, unless the testimony shows that such was not his intention."

The jury returned a verdict in favor of claimant for the full amount of the two mortgages and interest, amounting to $2,350.

It appears that each of these mortgages was given to secure the payment of a promissory note of even date and for a like amount. It also appears that the note in the Eddy case was made payable $50 on or before July 1, 1888, $300 on or before December 28, 1888, $300 on or before December 28, 1890, and $300 on or before December 28, 1892, with interest at 8 per cent., payable annually. It also appears that this mortgage was discharged by Mr. Woodman on the margin of the record, in the presence of the register of deeds, January 9, 1894. In the Nesbaum matter, the note was payable $350 February 19, 1891, $350 February 19, 1892, $350 February 19, 1893, and $350 February 19, 1894. It also appears that this mortgage was assigned by Mr. Woodman to Alice Huhn, February 23, 1889.

There was testimony given on the trial showing that the mortgages and the notes accompanying them were never given over to claimant, but remained in the hands of Mr. Woodman until disposed of by him. The defense in the case offered some testimony tending to show that this paper of February 21, 1888, was made by Mr. Woodman, and delivered to claimant, for the purpose of enabling him to swear down the amount of his taxable property. It also appeared that the money received on the mortgages by Mr. Woodman was applied to purposes of his own, and without reference to any interest the claimant might have in it; and that he thereafter made his will giving claimant the sum of $300, and stating that this was "in addition to the house and lot which I have heretofore given her,"

etc.; but nothing is said in the will of the gift of these two mortgages.

It is the claim of the defendant that the court was in error in the above charge to the jury, and that he should have directed the jury that the assignment of the mortgages by that paper, without the assignment of the notes, was an absolute nullity, or else, instead of making Mr. Woodman trustee for the claimant, it made her a trustee for him. Counsel cite, in support of this contention, the case of *Bailey* v. *Gould*, Walk. Ch. 484, and other cases, to the effect that the transfer of the debt secured by a mort. gage is essential to an effectual assignmen of the mortgage, and that the mere assignment of the mortgage, unaccompanied by the transfer of the debt, will have the effect of vesting only the legal title in the assignee, which he will hold in trust for the owner of the mortgage debt. There can be no question but that this is the general rule, but it has no application to the facts as shown by the assignment in the present case. These two mortgages were assigned by this paper to the claimant, and the assignment carried with it the assignment of the mortgage debts. It specifically provides that it is "for her individual use, to be hers over and above any part of my estate I may leave at the time of my decease." There is no language used in the assignment by which it can be said that Mr. Woodman intended his daughter should hold these mortgages in trust for himself. No such trust is created by this assignment. He assigned the two mortgages to her for her individual use, and this language must be construed as conveying the notes accompanying the mortgages, as well as the mortgages, to her absolutely.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.