## CORTELYOU et al. v. JONES et al.

### L. A. No. 677; July 18, 1900.

#### 61 Pac. 918.

**Mortgage—Assignment.—**Though an Assignment of Notes secured by a mortgage declares certain express trusts, the assignees may sue to foreclose the mortgage without joining the beneficiaries.

**Mortgage—Foreclosure—Attorney's Fees.—**Where a mortgage provides that the mortgagee may include in its foreclosure a reasonable attorney's fee, and a copy of the mortgage is attached to and made a part of the complaint in foreclosure which alleges that plaintiffs have employed an attorney and become liable to him for a reasonable fee, "which fee is secured by said mortgage," there is a sufficient allegation as to attorney's fees to support a judgment therefor in plaintiffs' favor.

**Mortgage.—**An Assignment of "Those Certain Mortgages and Credits more particularly described as follows," followed by a description of the mortgage in suit, which sets forth the notes sued on, and declares that it is made to secure them, after which the assignment includes "all other moneys now due to me from any source whatever," is a sufficient assignment of the debts secured to support an action by the assignees, though the assignment is not of the notes themselves.

**Mortgage.—**Where to a Bill to Foreclose a Mortgage is Attached a copy of the mortgage, which contains a recital that it "draws eight per cent net, as security for the payment of a promissory note, of which the following is a true copy," whereupon follow copies of the notes set out in the complaint, and this is not denied by the answer, the title of plaintiffs, who are assignees of the mortgage only, to the notes, is so far admitted as to sustain a judgment in their favor thereon.

**Mortgage—Taxes.—**The Provision in the Mortgage that the mortgagor shall pay taxes "on said premises, other than taxes on this mortgage or the money hereby secured," does not oblige the mortgagor to pay taxes on the mortgage itself.

APPEAL from Superior Court, Los Angeles County.

Action by C. A. Cortelyou and E. E. Johnson against O. H. Jones and Mary C. Jones. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

J. H. Knunagin and O. H. Jones for appellants; E. E. Johnson and C. D. Welbur for respondents.

McFARLAND, J.—Action on two notes—one for $720 and the other for $630—and ·a mortgage to secure the same, all made and executed October 24, 1892, by defendants to Mercy Stoddard, and averred to have been assigned by the latter to plaintiffs. It is averred in the complaint that the first note has been paid, but that the whole of the principal and some of the interest on the second note are due and unpaid. Judgment was rendered for plaintiffs for a certain amount, and $75 attorneys' fees, and a decree of foreclosure to satisfy the same. Defendants appeal from the judgment and order denying a new trial. We will notice such points made for a reversal as call for any consideration.

Appellants contend that respondents cannot maintain the action in their individual capacity, because the written assignment under which they claim declares certain trusts. This contention cannot be maintained. A trustee of an express trust may sue without joining with him the beneficiaries: Code Civ. Proc., sec. 369.

The amount found due by the court is justified by the evidence.

The mortgage provides that upon default of payment the mortgagee, or his assigns, "may foreclose this mortgage, and may include in such foreclosure a reasonable counsel fee"; and this is an express provision that the mortgage is to be security for the counsel fees. Appellants contend that there is no averment about counsel fees in the complaint. A copy of the mortgage is attached to and made a part of the complaint, and, whether or not that could be considered in the light of an averment, there is an allegation in the amendment to the complaint that respondents had employed an attorney and become liable to him for a reasonable fee, "which said fee is secured by said mortgage"; and this is sufficient on the subject, within any rule of pleading not unreasonably strict.

It is contended that the judgment cannot stand because the assignment introduced in evidence is not of the notes, but merely of their incident—the mortgage. The assignment is not expressly of the notes, and is not, therefore, in the best legal form; but by the instrument the assignor assigns, etc., "those certain mortgages and credits more particularly described as follows, to wit." Following this there is a reference to a certain mortgage made by one Wetenhall, and then

to the mortgage sued on in this action, which mortgage sets forth the notes described in the complaint, and declares that it is made to secure the same. After that is the following: "Also, all other moneys now due to me from any source whatever. Said mortgages and debts and credits to be collected, and the proceeds to be held in trust," etc. This was clearly an assignment of the debts secured by the mortgage, and the fact that the debts were evidenced by the note set forth in the complaint and in the mortgage does not render the assignment ineffectual—at least, as between the parties to this action. The notes were produced at the trial to be delivered up and canceled, and neither the rights of third parties, nor the rights of appellants in relation to third parties, are involved. Under these circumstances, it would be trifling with justice to reverse the judgment on account of the inartificial form of the assignment. Moreover, in the copy of the mortgage which is set out as part of the complaint appears the following: "This mortgage draws eight per cent net, as security for the payment of a promissory note of which the following is a true copy, to wit [copies of the notes set out in the complaint are attached to the mortgage]"; and there is no denial of this in the answer.

There is nothing in the contention that the mortgage obliges the mortgagor to pay taxes on the mortgage. The provision on the subject is as to "taxes on said premises, other than taxes on this mortgage, or the money hereby secured." The judgment and order appealed from are affirmed.

We concur: Temple, J.; Henshaw, J.