# Seabury, *et al. v.* Hemley.

## *Ejectment.*

(Decided Nov. 23, 1911.    56 South. 530.)

1. *Ejectment; Parties.*—Section 3839, Code 1907 has no application to a title acquired before the adoption of the Code, though the suit is brought thereafter; a grantee in a deed before the Code became operative, and while the land was in the actual adverse possession of another, and therefore void, may not sue therefor in his own name.

2. *Homestead; Property Constituting.*—One residing on land owned by him in a village or town, may not claim lands disconnected therefrom, and lying outside said village or town, as part of his homestead, under section 2, article 14, Constitution 1868.

3. *Mortgages; Assignments; Sufficiency.*—An assignment of a mortgage reciting an assignment of the mortgagee's interest in the mortgage, together with the power and privilege thereby conferred includes the note, although not referred to in the assignment, in the absence of a separate or different assignment of same, and under section 4896, the assignee may foreclose the mortgage and convey title to the purchaser.

APPEAL from the Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by Frank Hemley, against James M. Seabury, et al. Judgment for plaintiff and defendants appeal. Reversed and remanded.

The assignment of the mortgage spoken of in the opinion is as follows: "For value received, we hereby transfer, assign, and set over to Stark H. Oliver all our right, title, and interest in and to the within mortgage, together with all the powers therein and privileges thereby conferred upon us. Given under our hands and seals this the 14th day of October, 1874. E. B. Lott, Ch. Smith. Attest: W. S. Paine. C. P. Frederick."

D. B. COBBS, for appellant. The court erred in admitting the transfer of the mortgage.—*Sloan v. Frotheringham*, 65 Ala. 598; 86 Ala. 249; 96 Ala. 226. A foreclosure by any one under power of sale is void.—Authorities supra. The transfer conveyed the mortgage security but not the mortgaged land.—*Ward v. Ward*, 108 Ala. 280. The court erred in admitting the foreclosure deed, as against the party complaining.—*Naugher v. Sparks*, 110 Ala. 572; *Robertson v. Mosely*, 93 Ala. 74. The defendant was entitled to insist on strict compliance with the terms of the mortgage on foreclosure.—*Wood v. Lake*, 62 Ala. 489; *Sanders v. Askew*, 79 Ala. 443; *Jones v. Haigler*, 95 Ala. 572; *Elrod v. Smith*, 130 Ala. 215. The court erred in admitting the deed from the heirs of E. B. Lott to Hemley.—*Ala. Nat. Bank v. Chattanooga Co.*, 106 Ala. 665; Section 3359; Code 1907. Counsel discuss the errors assigned on the admission of evidence, other than deeds, but without further citation of authority. They insist that at the time the deed to Hemley was made, his grantee had neither title nor possession, and therefore,

the deed was void.—*So. Ry. Co. v. Hall,* 145 Ala. 226.
Counsel discuss other assignments of error, but without
further citation of authority.

RITCH & HAMILTON, for appellee.    There is noth-
ing in the objection that the transfer of the mortgage by
Smith was signed "Ch." Smith.—*Paxton v. Voss,* 57 N.
W. 428; 83 N. E. 115; *Nelson v. The State,* 151 Ala. 2;
*Hunt v. Stewart,* 7 Ala. 527.    Particularly is this true
in the tracing of title, and the identity of name is prima
facie identity of person.—108 U. S. 47.    The wording
of the transfer was sufficient.—*Ward v. Ward,* 108 Ala.
280; 119 Ala. 361.    It was an ancient document, and
it self proved its execution, as it was signed in the
presence of two witnesses.—*Allison v. Little,* 85 Ala.
516; Wig on Evid. sec. 1311.    In any event the power of
sale passed by the assignment.—*Hartley v. Matthews,*
96 Ala. 224.    Recitals in a deed purporting to be ex-
ecuted under a power of sale in a mortgage is prima
facie evidence thereof, and in ejectment entitled the
party claiming thereunder to recover against not only
the mortgagor and those who claim under him, but as
against all other persons as well.—*Clark v. Johnson,*
155 Ala. 648; *Tew v. Henderson,* 116 Ala. 545; 27 Cyc.
1496.    Recitals in ancient deed are prima facie evidence.
—Brewster on Conveyancing, sec. 44.    The deed con-
veyed legal title to the land.—Jones on Mortgages, sec.
1830.    Plaintiff at least had color of title under his
deed from Oliver in 1893.—*Hoyle v. Mann,* 41 South.
835.    If he was in possession of it thereunder before
1904, then he could recover under the decision of *Rowe
v. McCarty,* 48 South. 49, and *McCrary v. Jackson L.
Co.,* 41 South. 822.    As to what is necessary to consti-
tute possession see.—*Goodson v. Brothers,* 111 Ala. 595;
*Brand v. U. S. C. Co.,* 128 Ala. 582; *Adler v. Sullivan,*

[Seabury, et al. v. Hemley.]

115 Ala. 587. Actual possession is presumed to continue in the absence of proof of abandonment, 48 South. 699. There was no question of homestead under the proof in this case, at the time of Friemuth's death.— *Garland v. Bostick*, 118 Ala. 209. The Constitution of 1868 limited the homestead to any lot in a city, town or village.—*deGraffenried v. Clark*, 75 Ala. 426; *Snedicor v. Freeman*, 71 Ala. 140; *McGuire v. VanPelt*, 55 Ala. 353. The Constitution of 1868 was self executing. —*Miller v. Marx*, 55 Ala. 332. The law in force at the time of the execution of the mortgage controls.—*Garner v. Bonds*, 61 Ala. 87.

ANDERSON, J.—The plaintiff grounded his right to recover upon two theories: First, a paper title running back to the common source, Chas. D. Friemuth; and, second, under color of title and a prior actual possession. The defendants contended for a title by adverse possession, and that they, and not the plaintiff, deraigned title from the said Friemuth, in that the mortgage given by him to Lott and Smith was void, for the reason that it was not signed by the wife and conveyed the homestead; that Friemuth died and left a widow, who died without issue and left a sister, Mary Sullivan, who inherited same, and whose interest was purchased by the defendant's predecessors.

We think the plaintiff has shown a good paper title to the land from the said Friemuth into himself, and that he was entitled to the general affirmative charge, but for the fact that the suit was brought in his name, instead of that of the heirs of Elisha Lott. While he had a deed from the heirs of Lott, it was made before the Code of 1907 went into effect and while the land was in the actual adverse possession of the defendants or their predecessors. The deed from the said Lott heirs

to the plaintiff was therefore void, and should have been excluded upon the motion of the defendants. It is true that section 3839 of the Code of 1907 was intended to enable the holder of the legal title to recover, notwithstanding his grantor was not in the possession when the deed was made; but this court held in the case of *Grant v. Nations,* 172 Ala. 83, 55 South. 310, that said section did not apply to titles acquired before the adoption of the Code, notwithstanding the suit was brought after the Code became operative. This *Grant Case, supra,* was considered en banc and with great care, and we must adher to same in determining the case at bar.

The proof shows that the mortgagor Friemuth resided upon a tract of land owned by him within the village of Whistler, and the land in question was disconnected therefrom and was located without the bounds of said town or village. It was not, therefore, a part of the homestead under the Constitution of 1868. *Garner v. Bond,* 61 Ala. 84. It is also questionable whether or not it would be under the present Constitution, for our court, in the case of *Tyler v. Jewett,* 82 Ala. 93, 2 South. 905, in dealing with the homestead in a city, said through Clopton, J.: "We have, therefore, as postulates, that the right to homestead exemptions does not depend on the nature of the title, or the degree or character of the estate, but will be determined by occupancy and uses, and that a homestead may consist of two or more adjoining pieces of lands, so connected, occupied, and used as to constitute, in contemplation of law, one tract." A different rule seems to prevail as to the homestead not within a city, town, or village.—*Discus v. Hall,* 83 Ala. 159, 3 South. 239. While the homestead provision has been liberally construed, so as to avoid the unmixed evil and misfortune

of a homeless population, the Constitution cannot be so construed as to combine property within and also beyond the limits of a city, town, or village, so as to stamp the two together as one homestead. There is a marked distinction between a homestead in the country and one within a city, town, or village.—*Discus v. Hall, supra.*

The assignment of the mortgage by Lott and Smith to Oliver, if not sufficient to convey the legal title, but which we do not wish to hold it did not do, was sufficient to give the assignee the right to foreclose said mortgage and to convey title to the purchaser.—*Davidson v. Kahn,* 119 Ala. 364, 24 South. 583; *Wisdom v. Reeves,* 110 Ala. 418, 18 South. 13; *Ward v. Ward,* 108 Ala. 278, 19 South. 354; section 4896 of Code of 1907. While the assignment does not refer to the note which the mortgage was given to secure, it is broad enough to include the debt, in the absence of any evidence showing a separate or different assignment of the note.

It is next insisted by appellants' counsel that the assignment is defective as to Smith, because the mortgage was made to "Christian Smith," and the assignment was made by E. B. Lott and "Ch. Smith." This point is rather hypercritical, and we would no doubt presume the identity, if it was necessary, as the assignment was made 36 years ago; but one of the attesting witnesses testified in the case, and, if there is another trial, he can easily testify whether or not the Ch. Smith who signed the assignment was "Christian Smith."

We cannot affirm the action of the trial court in giving the general charge for the plaintiff, upon the proof of prior actual possession under color of title. It was, at most, a question for the jury to determine whether or not the plaintiff or his grantor, Oliver, had

.the actual possession prior to that of the defendants and their grantors. The proof failed to show any user or visible actual possession of the land for 25 years between the death of Friemuth and the defendants' possession. The testimony of Buck, the surveyor, and of Hemley, did not, as matter of law, show the actual prior possession of the plaintiff, so as to justify the general charge upon this theory of the case.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

All the Justices concur.