(81 South. 39)

UNION BANK & TRUST CO. v. THOMPSON. (3 Div. 368.)

(Supreme Court of Alabama. Jan. 23, 1919. Rehearing Denied Feb. 13, 1919.)

1. MORTGAGES ⬤⟞242 — ASSIGNMENTS — CONSTRUCTION—PASSING LEGAL TITLE.

An assignment being executed after the law day of the mortgage and duly acknowledged, *held*, in view of Code 1907, § 3356, not only to assign and transfer the mortgage, but to operate as a conveyance of the legal title to the land.

2. MORTGAGES ⬤⟞248 — ASSIGNMENTS — EFFECT.

Where the evidence of the debt secured by a mortgage was not in the hands of an innocent purchaser and the assignment executed after the law day operated not only as a conveyance of the legal title to the land, but as an assignment of the mortgage, *held* that, as to the mortgagee who executed the assignment, one dealing with the assignee was not charged with notice or put on inquiry of ascertaining whether she intended to retain the debt and preserve an equity in the subject-matter.

3. PLEADING ⬤⟞8(21) — CONCLUSIONS — NOTICE.

An averment, in a bill by a mortgagee who assigned the mortgage, that one dealing with the assignee had constructive notice that the mortgagee and assignor had retained an equity in the mortgage or debt, *held* a mere conclusion of the pleader.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bill by Annie W. Thompson against H. F. Martin and the Union Bank & Trust Company for an accounting and to fix a prior lien upon certain property described in a mortgage executed by the Cowarts to her. From a decree overruling the demurrers to the bill, the respondent Union Bank & Trust Company appeals. Reversed, rendered, and remanded.

The assignment referred to is as follows:

State of Alabama, Montgomery County. For value received, I, Annie W. Thompson, a widow, do hereby transfer, set over and assign to H. F. Martin, a married man, that certain mortgage of record in Book 197, page 156 of the record of the judge of probate of Montgomery county, Alabama, and for the same consideration I do hereby quitclaim, release, and convey to the said H. F. Martin all right, claims and title which I hold in the real estate described therein. Witness my hand and seal this 30th day of October, 1909, Annie W. Thompson.

The bill alleges that this paper was acknowledged before David S. Stakely, a notary public, on October 30, 1909, and recorded in Deed Book 78, p. 27.

Ball & Beckwith, W. M. Blakey, and William F. Thetford, Jr., all of Montgomery, for appellant.

W. A. Gunter, of Montgomery, for appellee.

ANDERSON, C. J. [1] The assignment in question (which will be set out by the reporter) not only transfers and assigns the mortgage, but, having been made after the law day of the mortgage and being duly acknowledged, operates as a conveyance of the legal title to the land. It is so worded as to evince an intention that it should operate as a conveyance of the land. Section 3356 of the Code of 1907; Ward v. Ward, 108 Ala. 278, 19 South. 354; Wisdom v. Reeves, 110 Ala. 418, 18 South. 13; New Eng. Mort. Co. v. Clayton, 119 Ala. 361, 24 South. 362; Dreyspring v. Loeb, 119 Ala. 282, 24 South. 734. Martin, the assignee, therefore became to all intent and purpose, not only the legal holder of the mortgage, but the owner of the land.

[2] It is true, the assignment does not specifically mention the debt secured by the mortgage, and, if the evidence of the debt was in the hands of an innocent person, one dealing with Martin might be put upon inquiry to ascertain whether or not the debt had been assigned by the mortgagee before the execution of the assignment in question; but we are not dealing with a purchaser of the notes from Mrs. Thompson, the mortgagee, and the assignment in question was broad enough to include all interest that she had in the debt when she executed the assignment to Martin, and one dealing with Martin was not charged with notice or put upon inquiry of ascertaining whether or not Mrs. Thompson had or intended to retain the debt and to thereby preserve an equity in the subject-matter of the assignment. Seabury v. Hemley, 174 Ala. 116, 56 South. 530; Hilton v. Woodman, 124 Mich. 326, 82 N. W. 1056; Jones on Mortgages, § 805; Cortelyou v. Jones, 61 Pac. 918; Buell v. Underwood, 65 Ala. 285. It is true that in this last case the mortgage was given to secure a crop lien note which was a part and parcel of same; but the assignment made no reference to the note or to the debt, and the court held that the transfer was broad enough to convey both instruments. Here the mortgage referred to the notes and was given to secure same, and the asignment was broad enough to operate as an assignment of the debt which is secured, especially as against the complainant in a contest between her and a purchaser from Martin. Moreover, from aught that appears from the bill, the notes had been delivered to Martin before the foreclosure of the Cowart mortgage. True, the bill avers in section 1 that from the recollection of oratrix the notes were retained by her and were never assigned or indorsed to said Martin, but in section 4 it is stated:

"That said Martin well knew that he could not receive from himself the bid at said sale, $3,000.00, for oratrix, and credit it on said notes in his hands, without actually paying or accounting to oratrix for the money."

Therefore, construing the bill against the pleader, Martin had the notes "in his hands" when the sale was made.

[3] The bill avers in section 13 that Matthews and Martin, as well as the Union Bank & Trust Company, all had notice of the right of oratrix and were not bona fide purchasers of the property. This is no charge of actual notice to the Union Bank & Trust Company, but is the mere conclusion of the pleader to the effect that it had constructive notice growing out of the facts previously set forth and which said facts were not sufficient to charge the Union Bank & Trust Company with constructive notice that the complainant had retained an equity in the mortgage or debt for which it was given to secure.

The bill in its present form is without equity, and the trial court erred in not sustaining the respondent's demurrer, and the decree is reversed, and one is here rendered sustaining same, and the cause is remanded, in order that the bill may be amended within 30 days, should complainant desire to do so.

Reversed, rendered, and remanded.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.