RICHARD L. JONES, Retired Justice.
The defendant, Agricola Partners, Inc., appeals from a summary judgment for the plaintiff, Joyce Parker, on her claim arising out of a $43,166 promissory note. The note was executed on May 1, 1990, and was payable on May 1, 1993, with interest thereon at the rate of 10% per annum. Attached to Joyce Parker’s motion for summary judgment, and in support thereof, was her own affidavit stating that, while her one-half interest in the mortgage executed by Agricola Partners, Inc., as security for the note, had been transferred to her brother, Hugh Agrí-cola, who owned the remaining one-half interest in the mortgage, she had not transferred the note to her brother, but instead had retained it. Parker also attached to her motion a letter, purportedly sent to her by her brother, offering to pay Parker a certain sum of money for transferring her one-half interest in the mortgage but explicitly stating that she “could keep the $43,166 note”— which she did.
Agricola Partners’ response to Parker’s motion for summary judgment contained, among other things, the affidavit of Hugh Agricola, in which he stated that his sister Joyce Parker no longer held an interest in either the mortgage or the note, because, he said, she had transferred both instruments to *968 him. While the affidavit directly contradicts the terms of the assignment, as expressed in the letter, the affidavit does not explicitly deny the authenticity of the letter.
Along with its response to Parker’s motion for summary judgment, Agrícola Partners filed a motion to add Hugh Agricola as an indispensable party, contending that unless the issues between this brother and sister were adjudicated in the pending case, Agríco-la Partners risked having to pay the $43,166 note twice. To support its claim that it fears double liability, Agricola Partners asserts that it is currently paying Hugh Agricola the mortgage interest claimed by Joyce Parker under the promissory note.
Rule 19, Ala.R.Civ.P. (“Joinder of persons needed for just adjudication”), provides, in pertinent part:
“(a) Persons to be joined if feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.”
Because we hold that one or more of the requisite elements of Rule 19(a) have been met, we reverse the judgment and remand the cause for further proceedings.
Having so held, we nevertheless make several observations that may be helpful to the parties and to the court in disposing of this cause on remand. Initially, we note Agrícola Partners’ contention that the trial court erred in denying Agricola Partners’ motion to strike Hugh Agricola’s purported letter to his sister, Joyce Parker; whether or not the letter was admissible when offered,[1] it will unquestionably become admissible, if authenticated, once Hugh Agricola is added as a party. We quote the full context of the pertinent paragraph of this letter:
“July 14, 1993
“Dear Sister,
“I have you a cashier’s check for $462,-500. You can keep your $43,166.00 note, claim for interest $720.00, and $138,000, giving you a total of $644,386. Do you want it? All I want is a receipt for your half-interest in the first mortgage.
[[Image here]]
“H.W.”
Second, we observe the obvious: Joyce Parker is entitled to recover $43,166, plus accrued interest, from someone, if she has not already done so. It appears just as obvious that Parker has “not already done so.” Again, if the authenticity of the letter is shown, this $43,166 is an amount required to arrive at the “total of $664,386” due Parker, as expressed in Hugh Agricola’s letter to her, unless the terms of this letter were either cancelled or modified between July 14, 1993 (the date of the letter), and August 20, 1993 (the date of the mortgage assignment and the receipt of the consideration therefor). For the statutory provisions recognizing a promissory “note” as a “negotiable instrument,” see Ala.Code 1975, § 7-3-104; see, also, § 7-3-202.
In conclusion, we note that Agricola Partners, in reciting the general rule that the assignment of a mortgage, given as security for a debt evidenced by a note, also carries with it the assignment of the note and the evidenced debt, overlooks a recognized ex *969 ception: That is the case “in the absence of any evidence showing a separate or different assignment of the note.” Seabury v. Hemley, 174 Ala. 116, 121, 56 So. 530, 536 (1911). While the language quoted from Seabury was narrowly tailored to fit that case, that language clearly implies that the exception to the general rule necessarily applies where the evidence, as here, affirmatively shows a wore assignment of the note. Once Parker accepted her brother’s offer, consummated the transfer to him of her one-half interest in the mortgaged property, and retained the note, this bargained-for agreement between brother and sister could not be unilaterally undone by the brother.
This legal conclusion finds its evidentiary support in Hugh Agricola’s letter, where, after saying “you can keep the $43,166.00 note,” he said, “All I want is a receipt for your half-interest in the first mortgage.” Hugh Agricola’s letter, if authenticated, speaks for itself: It says to Joyce Parker, in effect, “You can keep and enforce payment of your $43,166 note, so that, along with my certified check for $462,500 and certain prior interest payments, you will receive the grand total of $664,386 (one-half of the total consideration, plus accrued interest from the original buy/sell transaction); but I want to hold, as additional security for my interest in the remaining balance of the debt, the entire interest in the mortgaged property.”
In accepting her brother’s offer, Joyce Parker gave up her one-half interest in the mortgage that had been given as security for the debt, but she did not give up her remaining portion of the debt evidenced by the $43,166 note.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON and INGRAM, JJ., concur.

. This does not mean that the Court has concluded that the letter is inadmissible unless and until Hugh Agricola becomes a party to the case. C. Gamble, McElroy’s Alabama Evidence § 262.01 (4th ed., 1991). Rather, it means simply that, because the case is remanded for Hugh Agrícola to be added as a party, the issue of admissibility of the letter, for purposes of this appeal, is mooted.